Ex parte
Stevens.

## Ex parte STEVENS.

J. R. LAWRENCE, (*I. Hamilton* same side,) moved for a mandamus, commanding Jonas Earll, jun. Esq. late Sheriff of the county of Onondaga, to convey certain premises to Robert Stevens.

The facts agreed upon by the counsel for the parties interested were as follows: On the 23d March, 1822, all the right and title of Henry Field to lot No. 46, in Camillus, Onondaga county, was sold by Hezekiah L. Granger, Esq. then Sheriff of that county, under a *fi. fa.* issued on a judgment in the Supreme Court, in favor of George Leitch, deceased, against Field and one Brackett, for $1843 54, docketed October 20th, 1819, and bid off by Nathan Gorham at $1000, of which a certificate was made and filed pursuant to the statute. Gorham gave his note for the bid to Cumpston, the administrator of Leitch, payable in 6 years with interest. Before the payment of the note, Cumpston discovered that Nathan Munro was the owner of two judgments against Field, older than Leitch's, which were a lien on the premises sold; and Cumpston deducted the amount of these judgments from the note (the balance of which was paid by H. & J. Dodge's bond and mortgage.) These two senior judgments were in the Common Pleas of Onondaga county; one in favor of the trustees of the town of Camillus against Field and one Clark, for $106 37, docketed November 25th, 1817; and the other in favor of Anthony Johnson and others against Field, for $137 24, docketed 10th December, 1817. On the 3d day of July, 1823, Jonas Earll, jun. late Sheriff of the county of Onondaga, under two writs of *fi. fa.* issued upon these judgments, sold the

A sale of land upon a judgment and execution, though for only a part of what is due upon the judgment, with the lapse of fifteen months from the time of sale, and a conveyance by the sheriff, destroy the lien of the judgment even for the balance remaining due; and the judgment creditor for the balance cannot, therefore, redeem the land from a purchaser under a senior judgment, within the stat. (sess. 43, ch. 184, s. 3.) Such a sale, and conveyance, also, destroys the lien of all junior judgment creditors; so that they cannot redeem from a purchaser under any judgment older than the one upon which the conveyance is made.

Thus, where M. had judgment, then C., and then S., all against F., which bound his land: C. sold the land for part of his judgment; then M. sold: C. waited 15 months from his (C.'s) sale, and took a conveyance, and then, within 15 months from the time of M.'s sale, paid M. his bid, &c. and claimed to redeem as creditor for his (C.'s) balance; and S. also, in proper time, paid M.'s bid, &c. and claimed to redeem; *held*, that both C.'s lien for his balance, and S.'s lien by judgment, were divested by the sale and conveyance on C.'s judgment; and that neither could redeem.

same premises to Nathan Munro for $84 70, being the bal. ance due on both judgments, of which he was the assignee and owner, and of which sale a certificate was given according to the statute. On the 6th September, 1823, (no redemption having been made upon the first sale,) Gorham took a deed from Granger as Sheriff; and on the 19th December, 1823, conveyed the premises, by deed of quit claim, to H. & J. Dodge, for the consideration of the sum due on the note to Cumpston, deducting Munro's bid; and the Dodges paid the balance due on the note, by their bond and mortgage upon these and other premises. On the 24th July, 1824, Cumpston, the administrator of Leitch, with money furnished by the Dodges, and for their sole benefit, paid to Munro the amount of his bid, $84 70, with 10 per cent. interest from the day of sale, claiming to redeem as a judgment creditor, in order to perfect the title of the Dodges; and on the 2d October, 1824, Robert Stevens, as assignee of another judgment in the Onondaga Common Pleas, in favor of Jacob Campbell against Field, docketed August 28th, 1820, paid to Jonas Earll, jun. the Sheriff who sold to Munro, the amount of Munro's bid, with 10 per cent. interest from the day of sale (which money still remains in the hands of the Sheriff,) and claimed to redeem the premises from Munro as a judgment creditor of Field. Earll, however, refused to convey to any person unless upon the order of the Supreme Court.

It was agreed by the counsel that a mandamus should issue, commanding the Sheriff to convey to such of the claimants as, upon the above state of facts, they should think entitled.

*Lawrence & Hamilton,* for Stevens, made the following question : Can a plaintiff redeem as a judgment creditor, after having sold the land which he seeks to redeem, upon the judgment in virtue of which he seeks to redeem ? i. e. is the balance of the judgment, over the amount bid, a lien on the lands sold, so as to enable the plaintiff to redeem ? They contended that it was not ; and if so, Cumpston was not entitled to the deed. The sale extinguished all further lien of the judgment upon the premises sold under it. To this, the

case of *Hewson* v. *Deygert*, (8 John. Rep. 333,) is express. The Court say that the sale of land on the first instalment of a judgment, extinguished the lien of the judgment, as to that land. (Id. 334.) Having no lien, there is an end of the question ; for without this he could not redeem. . (*Erwin* v. *Schriver*, 19 John. Rep. 379. *Marsh* v. *Wendover*, 3 Cowen's Rep. 269. *Hurd.* v. *Magee*, id. 35. *Dickenson* v. *Gilliland*, 1 Cowen's Rep. 481.) It is reasonable that this should be as we contend ; for if the balance still remain a lien, no one would be safe in purchasing at a Sheriff's sale. The owner could sell the land a second time ; and if a second, then as many times as he pleased, on repeated balances, till his judgment was satisfied, though the property might be of trifling amount. The sale to Gorham was subject to Munro's judgments, which were deducted when he came to pay his bid. The sale to him is, therefore, entitled to no peculiar favor. It is his neglect, that he did not pay up these judgments ; or he might have redeemed as grantee, within the year.

No attempt being made by Gorham, or the Dodges, to redeem as grantees within the year, their right also fails. (*Van Rensselaer* v. *Sheriff of Onondaga*, 1 Cowen's Rep. 443.)

Then the right of Cumpston, Leitch's administrator, being out of the way, as also that of the grantees, Stevens' right was complete ; and the Sheriff should be commanded to convey to him.

*H. F. Mather & D. Kellogg*, contra, contended that Cumpston's lien remained, notwithstanding the sale upon his judgment. At any rate, after the sale to him, and the conveyance in pursuance of it, all the lien which Stevens had upon his judgment was taken away. The argument, therefore, that without a lien no one can redeem, will, at least, affect Cumpston and Stevens equally. And if Cumpston's judgment is gone for the purposes of lien, Munro is entitled to the deed. Stevens does not come within any of the provisions of the statute. Compston's judgment was older than his ; and the sale and conveyance upon it clearly ousted Stevens of all lien. Thus, the rights of Cumpston and Stevens both fail.

WOODWORTH J. who delivered the opinion of the Court, spoke to this effect :

· The two judgments which belong to Munro, were docketed in 1817 ; another, belonging to Cumpston, was docketed in 1819, and another, belonging to Stevens, in 1820 ; all being against Field, who owned the premises in question at the time of docketing. On Cumpston's judgment, the Sheriff sold these premises to Gorham the 23d of March, 1822 ; and after the expiration of the 15 months, executed a convey· ance (September 6th, 1823.) The bid of Gorham not amounting to the sum due on Cumpston's judgment, he still remained a judgment creditor of Field. July 23d, 1823, before the deed of conveyance was due to Gorham, Munro purchased the premises, upon his judgments, and took a certificate of sale. On the 24th of July, 1824, Cumpston claimed, as judgment creditor for his balance, to redeem of Munro, and paid to him the requisite sum ; and on the 2d of October, 1824, Stevens, claiming to redeem upon his judgment, paid the proper sum to the Sheriff, for Munro's use. This offer of Stevens to redeem was after the 15 months from Gorham's purchase had elapsed, but within 15 months from the sale to Munro, so that Stevens came in season to redeem of Munro, provided his judgment was a lien ; and Cumpston was also clearly in time, if his balance was a lien. Their respective rights depend entirely upon this question of lien. If they show no right of lien, we have repeatedly decided that they cannot redeem, however meritorious their pretensions may be in other respects.

First, then, as to Cumpston. His lien is clearly gone. His judgment was once a lien, and continued so for 15 months after the sale to Gorham : but after the lapse of that time, it ceased to be so. A deed was executed to the purchaser, who took all the right which a sale and conveyance upon the judgment could give. This right was complete as to that judgment ; and took from it all lien. In principle, it is the case of *Hewson* v. *Deygert*, cited by the counsel for Stevens. The Court decided, in terms, that, after a sale upon the first instalment of the judgment, the lien of the other instalments was gone. Unless this were so, the

most manifest injustice to the purchaser might intervene. Both upon principle and authority, we are bound to hold that Cumpston's balance was not a lien, when he made the effort to redeem.

Then had Stevens a right to redeem? He comes as a junior judgment creditor; his judgment was a lien when the sale was made to Gorham; but he neglected to redeem. The 15 months elapsed after Gorham's purchase upon a judgment senior to Stevens'. A perfect title passed to Gorham by which all junior liens were subverted. Stevens should have redeemed of Gorham. Not having done so, he is concluded. His lien is gone, and was so when he came to redeem of Munro.

But Cumpston paid the money directly to Munro. Whether his acceptance of the amount gives Cumpston an equitable right, it is not necessary to decide. The remedy upon this ground, if any, belongs to another forum.

Neither Cumpston nor Stevens are entitled to a conveyance. We think the Sheriff should convey to Munro.

Rule accordingly.