VANDYKE et al., Appellants, *v.* HERMAN and BARTON, Respondents.

Where land was sold at sheriff's sale, the proceeds of which did not amount to the whole judgment, leaving a balance unpaid, and was afterwards redeemed under the statute, Held, that the party redeeming (who was an assignee of the judgment debtor), was bound to pay the whole of the plaintiffs' judgment, and not merely his bid with interest, and 18 per cent.; and that the lien of the judgment continued till the balance was paid.

APPEAL from the Sixth Judicial District.

This case was founded on a motion for a mandamus to compel the execution of a sheriff's deed.

The facts, shown by the statement agreed upon, are as follows: On the 15th of May, 1852, Paige, Baker, and Vandusen, made their note to Vandyke for $1500, payable in three months, with interest, at the rate of 3 per cent. per month, and gave a mortgage to secure it, on a lot in Sacramento City, recorded the same day, at 4½ o'clock, P.M. On the 4th of November, 1852, Vandyke recovered judgment against said Paige, and on the 6th of December, 1852, against Baker and Vandusen, for the amount of said note. On the 10th of December, orders of sale were made, and the sheriff levied upon the said lot, and on the 3d of January, 1853, sold the same to Vandyke for $1000. On the 15th May, 1853, Paige, Baker, and Vandusen, executed a mortgage on the same premises, to Sanborn, to secure a note of $1000, which was recorded the same day, at 5 o'clock, P.M. On the 7th of December, Sanborn recovered judgment on the said note against Paige, and on the 7th of February, 1853, assigned the balance due thereon and his mortgage to Herman and Barton. On the 7th of February, Herman and Barton recovered judgment against Paige for $615 82, with interest, &c. On the 11th of February, 1853, Herman and Barton served a notice on the sheriff, that they redeemed the said lot and premises from the sale to Vandyke, by virtue of their judgment, and the Sanborn judgment and mortgage, and filed certified copies of the judgment and Sanborn's mortgage with the sheriff, and an affidavit

showing the amount due on their liens, then $800 84, and paid the sheriff $1224 25, that being the amount bid at the sale, by Vandyke, with 18 per cent. thereon and interest to February 11th, 1853, the date of the redemption. The sheriff refused to make the deed to the redemptioners, who then moved the court for a mandamus to compel him to make it.

The court decided that the complainants were entitled to the said deed, and ordered the sheriff to execute it accordingly, and defendants appealed from the order.

*Long* and *Burnett*, for appellants.

Herman and Barton cannot redeem without paying the whole of Vandyke's judgment, because Vandyke is " a purchaser with a lien prior to that of the redemptioners." The stat. of 1851, under which they claim the right, provides that the debtor or a redemptioner may redeem within six months after sale, on paying the purchaser the amount of his purchase, with 18 per cent. thereon, &c., "and if the purchaser be also a creditor having a lien prior to that of the redemptioner, the amount of the lien with interest." Vandyke was a purchaser, having a prior lien; but it is said by the plaintiffs that his lien was lost by the purchase of the lot, and they have cited cases from New York, which do not apply, for there is no statute corresponding to that cited above, in New York. If a sheriff's sale extinguishes a lien for some purposes, it remains for others, and will be good for the balance of the judgment unsatisfied by it, not only against the property sold, but against any other real property which defendants in the judgment may acquire. Stat. 1851, sec. 204; 5 Hill's Rep. 228; 1 Spe. T. Rep. 77; 4 Cowan, 132; 2 Hill, 51.

If the judgment debtor had redeemed, would not Vandyke's judgment have continued its lien for the balance? and if he could not divest the lien directly, the law will not permit him to do it indirectly, by transferring his interest to another. If he could do this, a dishonest debtor may league with another, stand by and let his property be bid off, and if it become enhanced in value, transfer it, and redeem, and repossess himself of it, with all improvements.

But we are "a creditor with a prior lien" under the statute. We had a lien when we purchased; the transfer did not divest it. Can the judgment debtor, by transferring his interest, get clear of paying his debt, and the rate of interest agreed upon, by tendering the amount of his bid and *legal* interest?

*Crocker*, for respondent.

The redemption act is a remedial statute, and was intended to benefit the debtor by preventing a sacrifice of his property, and also junior judgment creditors, by permitting them to redeem. 1 Cow. 501; 2 Hill, 58.

A sale on execution, extinguishes the lien on the land sold. 8 Johns. Rep. 333; 2 Wend. 297; 7 Cow. 367 and 658.

After a sale for less than the amount due on the judgment, creditors have a right to redeem, and the court refused to set aside a sale on motion of the judgment creditor. 7 Cow. 367. See 8 Johns. R. 333; 1 Cow. 501.

A sale extinguishes the lien of the judgment for the balance due; but if the *debtor* redeem, the sale becomes null and void, and the land may be resold for the balance: 5 Hill, 228; and hence the debtor has the right to redeem without payment of the balance; and see 1 Barb. S. C. Rep. 388, where the sale was upon a mortgage.

Vandyke had no lien for the balance of his judgment, after the sale, on the lot sold, and was not, therefore, "a creditor having a lien." *Vide* authorities cited above.

Under the redemption law, a purchaser has no *title* whatever, but merely a *lien* till the time of redemption expires. 7 Cow. 540; 1 Cow. 501.

If the judgment be large, the creditor may often sell defendant's property at a merely nominal price, and if it cannot be redeemed without payment of the whole judgment, one object of the act, the sacrifice of property by unscrupulous creditors, will be defeated.

So, where different parcels are sold at different times and prices, must the whole balance of the judgment be paid on the redemption of either, leaving the others to be redeemed on payment of the bid, only?

How can the party coming to redeem know the amount he has to pay? The balance may have been paid, compromised, released, &c., and no affidavit showing the amount due, as in other cases: see stat. 1851; 98 sec. 234.

The New York statutes are substantially the same with ours; 2 Hill, 54. The respondents claim as *creditors*, not as grantees.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The sum paid to the sheriff to redeem the land, was insufficient for that object. The whole amount of Vandyke's judgment, with interest, should have been paid. The language of the statute is explicit. If the interpretation insisted upon by the respondents, be correct, that by the purchase of the property, the lien of the creditor purchasing, is gone, even for the purpose of a redemption, then the statute would have no meaning whatever.

The legal rules of construction are opposed to such a theory, and require effect to be given to statutes even of doubtful meaning.

The judgment reversed.