[No. 5751.]

## SIMPSON v. CASTLE. •

Mortgage.—Where, upon a foreclosure of a mortgage, the mortgagee purchases the land for a sum less than the amount of the judgment, and dockets a judgment for the deficiency, the purchaser from the mortgagor of the land, pending the time for redemption, is entitled as successor in interest to redeem from the mortgagee, without paying the amount of the deficiency.

REDEMPTION.—The former rule, that when real estate which is subject to a judgment-lien is sold on an execution on the judgment, to the judgment-creditor, for a sum less than the whole amount of the judgment, the judgment-creditor continues to be "*a creditor having a lien*" for the unsatisfied portion of the judgment upon the property sold under the execution, and that neither the judgment-debtor or a redemptioner with a subsequent lien could redeem without paying said judgment, has been changed by the Code of Civil Procedure.

IDEM.—During the time for redemption the legal title is in the mortgagor, and may be conveyed by him, and the grantee becomes entitled to redeem, without paying to the mortgagee the unsatisfied portion of the judgment under which the property was sold to him, and the judgment for the deficiency is not a lien on the land.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The facts are fully set forth in the opinion.
Plaintiff appeals.

*W. L. Dudley* and *N. L. Hopkins*, for Appellant.

*Terry, McKinne & Terry*, for Respondent.

Counsel for appellant relied on the following cases: 8 Johns. 333 ; 4 Cow. 133 ; 5 Hill. 228 ; 2 Hilliard on Mortgages, 108.

Counsel for respondent cited *Macovich* v. *Wemppel*, 16 Cal. 105; *Page* v. *Rogers*, 31 Cal. 293, to the point that the land was the property of Post until redeemed ; and that the judgment, when docketed, became a lien. (*Chapin* v. *Broder*, 16 Cal. 422 ; *Hunt* v. *Dohrs*, 39 Cal. 304 ; *Hibbard* v. *Smith*, 50 Cal. 511.)

By the Court, CROCKETT, J.:

One Post, being the owner of certain lands, made a mortgage thereon to the defendant Castle, to secure the payment of a debt due from the former to the latter. The mortgage was foreclosed in the usual form, and at the sale of the mortgaged premises under the decree Castle became the purchaser for a sum less than the amount of the judgment, and received the usual certificate of sale. Thereupon the deficiency was reported by the Sheriff, and a judgment therefor was duly docketed. After-

ward, before redemption, and before the time for redemption had expired, the mortgagor (Post) conveyed the premises to the plaintiff in the present action, who, as the successor in interest of Post, paid to the Sheriff the sum necessary to effect a redemption, which sum was accepted by the Sheriff with the consent of Castle, to whom the redemption money was then paid, and thereupon the Sheriff delivered to the plaintiff a certificate of redemption in due form. After the redemption was thus completed, Castle sued out an execution on the judgment for the deficiency, and the Sheriff, under the direction of Castle, has levied the execution on the same premises, and is about to sell them under the execution. The action is to enjoin the sale on the ground that the sale, and the Sheriff's deed in pursuance of it, will cast a cloud on the plaintiff's title. To the complaint stating these facts the defendants demurred on the ground that it does not state facts sufficient to constitute a cause of action; and the demurrer having been sustained, a final judgment was entered for the defendants, from which the plaintiff appeals.

The Practice Act of 1851 (sec. 231) provided that the judgment-debtor or a redemptioner might redeem within six months, on paying to the purchaser the amount of his purchase with eighteen per cent. thereon, together with any assessments or taxes which may have been paid by the purchaser, with interest, " and if the purchaser be also a creditor, having a lien prior to that of the redemptioner, the amount of such lien with interest."

In construing this clause, it was held in *Van Dyke* v. *Herman*, 3 Cal. 295; *Knight* v. *Fair*, 9 Cal. 117; and *McMillan* v. *Richards*, 9 Cal. 413, that if real estate which is subject to a judgment-lien be sold, under an execution on the judgment, to the judgment-creditor for a sum less than the whole amount of the judgment, he still continued to be a " creditor *having a lien* " for the unsatisfied portion of the judgment upon the property sold under the execution; and that neither the judgment-debtor or a redemptioner with a subsequent lien could redeem without paying the judgment. If the statute had remained unchanged, we would, perhaps, have felt constrained, after so great a lapse of time, to acquiesce in these decisions, however much we may

have disapproved of the reasoning on which they are founded; but the statute has been materially modified, apparently for the express purpose of providing a different rule from that established by these decisions. The last of these cases—*McMillan* v. *Richards*—was decided at the April Term, 1858; and at the next session of the Legislature, sec. 231 of the Practice Act was amended by adding thereto the clause that "after the sale of any real estate, the judgment under which such sale was had shall cease to be a lien on such real estate." *McMillan* v. *Richards* was a very important case, involving several questions of peculiar interest, and attracted in an unusual degree the attention of the profession and of the public generally.

In an elaborate opinion, rendered, apparently, after mature consideration, the Court announced the proposition above stated; and at the earliest opportunity thereafter the Legislature modified the rule established in that case, by enacting that "after the sale of any real estate, the judgment under which such sale was had shall cease to be a lien on such real estate." (Statutes 1859, p. 139.) We think we are justified in concluding that the amendment of the statute was the result of that decision. But this section was again amended at the next succeeding session, by substituting for the words above quoted a provision to the effect that, in order to effect a redemption, "if the purchaser be also a creditor having a prior lien to that of the redemptioner *other than the judgment under which such purchase was made,*" the amount of such lien, with interest, shall also be paid. (Statutes 1860, p. 302.) At the same time sec. 232 was amended, and, as amended, provides that in redeeming from a redemptioner, and in the payment of prior liens held by him, "the judgment under which the property was sold need not be so paid as a lien." This continued to be the law until the Codes took effect in 1873, when secs. 231 and 232 of the Practice Act, as amended in 1860, were incorporated into the Code of Civil Procedure as secs. 702 and 703. From this history of the decisions and legislation on the point under discussion, it is manifest that the amendment of 1859 unequivocally abrogated the rule laid down in *McMillan* v. *Richards*, and the earlier cases; and we think it is equally clear that the amendment of 1860 (afterward

incorporated into the Code) was only intended to modify the rule prescribed by the amendment of 1859, and not to restore that announced in *McMillan* v. *Richards*. On the contrary, the opposite intent is apparent. It was probably foreseen that under the broad language of the amendment of 1859 it might be claimed that even though the property was redeemed by the judgment-debtor, it would not *thereafter* be subject to the lien of the unsatisfied portion of the judgment. To obviate this result, the amendment of 1860, instead of retaining the provision that the lien of the judgment should cease absolutely after the sale, modified the rule by providing that the judgment-debtor or a redemptioner may redeem by paying the amount of the purchase, with two per cent. per month interest, together with any taxes or assessments paid by the purchaser; "and if the purchaser be also a creditor having a prior lien to that of the *redemptioner*, other than the judgment under which such purchase was made, the amount of such lien, with interest."

It has been suggested that the clause above quoted applies only to a redemption by a *redemptioner*, and has no application to a redemption by a judgment-debtor. If this be so, the judgment-debtor may redeem without paying *any* prior lien held by the purchaser; in which event the ruling in *McMillan* v. *Richards* and the earlier cases would have no application to such a redemption. But assuming, for the purposes of this decision, that in order to redeem the judgment-debtor must pay off all prior liens held by the purchaser, the question recurs whether, under the statute as it now stands, the docketed judgment for the deficiency is a lien on the property sold under the decree while the time for redemption is running. If it be a lien during that period, it is clear that it need not be paid in order to effect a redemption, for the statute in terms declares that only prior liens "*other than the judgment under which such purchase was made*," need be paid. If, then, the judgment for the deficiency be a lien on the property sold under the decree while the time for redemption is running, the amendment of 1860 (now incorporated into the Code) simply revived in this respect sec. 231 of the Practice Act of 1851 as expounded in *McMillan* v. *Richards*, except that under the Act of 1860 this lien need

not be paid, like other prior liens held by the purchaser, in order to effect a redemption. But if it be a lien, what possible motive could have prompted the Legislature to distinguish it from other prior liens held by the purchaser? Why require the judgment-debtor or a redemptioner to pay all prior liens except this?

On this construction of the statute the effect of the amendment of 1860 was not to abrogate the lien for the deficiency which had been decided to exist under the Act of 1851, but, leaving that lien in full force, to authorize a redemption without paying it, while all other prior liens are required to be paid, and that, too, when an execution to enforce the lien might immediately be sued out on the judgment for the deficiency, and levied upon the interest of the judgment-debtor. In our opinion this is not the correct interpretation of the statute. On the contrary, as we construe it, the clause excusing the payment of the judgment for the deficiency, on redeeming, is equivalent to an explicit declaration that during the time for redemption the unsatisfied portion of the judgment is not a lien on the land sold under the judgment. The statute, however, declares that if the judgment-debtor redeems, the effect of the sale is terminated, and he is restored to his estate as though there had been no sale. From that time the lien of the unsatisfied portion of the judgment would doubtless attach in the same manner as though no sale had taken place. But it is well settled in this State that after a sale of real estate under execution, or under a decree of foreclosure, the legal title remains in the judgment debtor or mortgagor while the time for redemption is running. (*McMillan* v. *Richards, supra.*) That this legal title may be conveyed by the mortgagor like any other interest in real estate is too plain for argument; and that his grantee becomes his successor in interest, and as such entitled to redeem within the statutory time, can admit of no doubt, and that, too, without paying the unsatisfied portion of the judgment under which the property was sold; for such is the express provision of the statute. But what possible motive can be imagined for excusing him from paying it in order to effect a redemption, if it was all the time a *lien* on the land, and can be enforced as such the moment

a redemption is effected? In case of a redemption by the judgment-debtor or mortgagor, the effect of the sale is extinguished, and the statute declares he is restored to his estate in the land, which then, for the first time, becomes subject to the lien of the unsatisfied portion of the judgment. The lien attaches then because the effect of the sale has been extinguished, and the mortgagor or judgment-debtor is the owner of the estate as though no sale had been made. But if he had conveyed his interest in the land before redemption, and his grantee had redeemed, no interest remained in the mortgagor or judgment-debtor on which the lien could operate, unless it be on the theory that the unsatisfied portion of the judgment was a lien on the land before redemption, and that the grantee of the mortgagor or judgment-debtor took his conveyance subject to that lien—a theory which finds no support in the statute.

Our conclusion is that when the plaintiff redeemed he took the title free from the pretended lien of the judgment for the deficiency, and that he is entitled to the relief demanded, on the facts stated in the complaint.

Judgment reversed and cause remanded, with an order to the Court below to overrule the demurrer to the complaint.

McKINSTRY, J., and WALLACE, C. J., dissented.