Adams, J
This case is brought in this court "to reverse the judgment of the mayor of the city of Mansfield, and the court of common pleas affirming the same,in a case against D, F. Flatau for violating an ordinance of the city of Mansfield passed in July, 1892. '
The first section of this ordinance provides:
“Before any transient dealer who opens a store or place for the temporary sale of goods, wares or merchandise,shall sell or offer for sale, either in person or by agent or otherwise, within the corporate limits of said city, any goods, wares or merchandise, such dealer or dealers, person or persons, shall procure from the mayor of said city a license so to do, for which he or they shall pay not less than $5.00 nor more than $100.00 for each and every day or part of a day while so selling as aforesaid. Provided, that this ordinance shall not apply to persons selling by sample only, nor to any agricultural products or articles offered or exposed for sale by the producer.’’
The second section provides that for a violation of the provisions of this ordinance a party may be fined in any sum not exceeding $100.00, nor less than $50.00, and that *593 for each and every day thereafter, so selling without • such license, he shall be deemed and held guilty of an additional offense and be subject to the same penalty as herein prescribed.
This ordinance is-passed under favor of an act of the legislature, 87 Ohio Laws, page 100, which act provides: “That the council of a city or village may provide by ordinance for licensing transient dealers or persons who open stores or places for the temporary sale of goods, wares or merchandise, and in granting such .license, may exact and receive such sum of money as it may think . expedient, and may delegate to the mayor of such city or village the authority to grant and issue such license and revoke the same; provided, that this act shall not apply to persons selling by sample only, nor to any agricultural articles or products offered or exposed for sale by the producer.”
Flatau was arrested,convicted and fined for the violation of this ordinance; he prosecuted error to the common pleas court, which court affirmed the judgment of the mayor, and error is prosecuted here on a bill of exceptions,setting forth all the evidence. The errors assigned by the plaintiff in error are, that the judgment is not sustained by sufficient evidence; that the law is unconstitutional, and that the ordinance is invalid because an unreasonable and unlawful exercise of the power conferred by the statute.
We think that all these questions as to the constitutionality of the statute and the legality of the ordinance are sufficiently raised by motions and demurrers made on the trial, and by the general assignment of error that the judgment is contrary to law.
A preliminary question is made that a reviewing court has not the power or jurisdiction to review the judgment of a mayor in a conviction for the violation of an ordinance on the weight of the evidence, and we are cited to the case of the village of Bellefontaine v. Vassaux, reported in 36 Law *594 Bulletin, page 322. An examination of that case as reported in the Bulletin some time last December, will show that the supreme court held that a conviction by a mayor for an offense is reviewable upon questions of law, but not upon the weight of evidence. This is based upon the case of Williams v. The State, 25 Ohio St., page 628, decided in 1874, and the assumption that there had been no changes in the statutes relating to such matters since the decision of the Williams case in 1874. The amendment of sec. 168 of the Municipal Code, a part of which is now sec. 1791, Kev. Stat., 72 O. L., 51, enlarging the powers of police judges; and the amendment of sec. 179, of the Municipal Code, providing for the review on writ of error of a decision of a police judge upon the weight of the evidence, 73 O. L., 226, repealed by paragraph 1102 of sec. 7437, Rev. Stat., which took effect Jan. 1, 1880, followed immediately by section 1752 Revised Statutes, as well as section 7356 of the Revised Statutes, which provides that the conviction of a crime, including conviction for the violation of an ordinance, may be reviewed upon error, satisfied this court in a case which we decided in Perry county last December, on the day following the decision of the Vassaux case and before the decision came to the knowledge of this court, that a judgment of conviction could be reviewed on the weight of the evidence, and our opinion at that time is confirmed and strengthened by subsequent examination of the subject, as well as by the action of the supreme court in the case of the village of Bellefontaine v. Vassaux. When we came to examine the advance sheets of the 55 Ohio St., page 323, we found that the supreme court had revised its decision in the Vassaux case, and omitted that part of the opinion which related tc the review of the mayor on the weight of the evidence.
So, as I say, that action of the supreme court has confirmed this court in its former opinion announced at New *595 Lexington, and we now hold the law to be, that judgments of a mayor of convictions for the violation of an ordinance may be reviewed upon the weight of the evidence.
Outside of the statute it seems to the court that there are the same reasons for reviewing a mayor upon the weight of the evidence that there are for reviewing any other court or magistrate upon the weight of the evidence.
Tn this case, we have examined all the evidence in the bill of exceptions, and find that there was a conflict in the evidence. The character of the fixtures, the admission of the defendant below as to his position as a transient dealer, were met on the other hand by a lease for eight months, a contract for printing for eight months, and the testimony of Flatau himself that he expected to continue in business.
As I said, there was such a conflict of testimony that, taken in connection with the fact that the statute does not define what is meant by a temporary sale — the statute is silent as to how long a man must continue to sell goods or merchandise before he ceases to be a temporary salesman and becomes a permanent dealer in goods — we are unwilling to disturb the judgment of the mayor on the weight of the evidence.
The affidavit drawn pursuant to the statute, charges that Flatau, on the 31st of July, 1897, being then and there a transient dealer, did unlawfully open a store to sell boots and shoes in the city of Mansfield. That is the offense with which the defendant below is charged. It is claimed here that the law is unconstitutional, because in violation of sec. 8, art. l,and sec. 2, art. 4, of the Federal constitution. In a case in Licking county, the circuit court, several years ago, made that holding, and that case has been affirmed by the supreme court, 53 Ohio St., 660, on the authority of Sipe v. Murphy, 49 Ohio St., 536.
An examination of the 49 Ohio St.case leads us to the conclusion that the supreme court based their decision upon the *596 unreasonableness of the ordinance in that case, and not upon the ground stated by the circuit court. I am authorized to state upon the recollection of Judge Pomerene, who sat in that case, that, contrary to the record of the case, the judgment of the circuit court in that case was really based upon the unreasonableness of the statute, and not upon its violation of the Federal constitution.
Our attention is also called to sec. 2 of art. 12 of the constitution of Ohio, which section relates to the uniform taxation .of property; but we think it does not aid the plaintiff in error in his contention here.
Under this act, and we must judge this act by its terms as they appear upon the statute book, two dealers in the same line of goods, in the same town and on the same street, may have stores that, in all respects, are identical in the character of their fixtures, the character of their stock of goods that they are selling, and they may be selling in exactly the same manner; both of them may be citizens of the town, one of them a permanent dealer in the business ■who has been carrying on business for many years, and the other, perhaps, a wholesale dealer, who has taken a stock of goods to secure a debt, and is anxious to dispose of the stock and get his money. Under this law, the one man is free from any license, fee or tax, and the other can be required to pay any sum that the council of the city or village may deem expedient.
The statement of that case, to an unprejudiced mind, in a free country, shocks'the sense of justice, but that is not sufficient to make the law unconstitutional. Courts have no authority to declare acts of the General Assembly unconstitutional because they are unjust or unreasonable. Our supreme court, in numerous decisions, has held that the legislature is given full legislative power, except as prohibited and restrained in other parts of the constitution.
Sec. 1, of the Bill of Bights provides: “that all *597 men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and'liberty, acquiring, possessing and protecting property, and seeking and obtaining happiness and safety.”
Section 2. ‘‘All political power is inherent in the people. Government is instituted for their equal protection and benefit.” That is all that I care toread from that section. ‘‘Government is instituted for their equal protection and benefit.”
It was because the mechanic’s lien law violated these two sections of the bill of rights that our supreme court, in the case of Palmer & Crawford v. Tingle, 36 Law Bulletin, page 315, 55 Ohio St, 423 held that the mechanic’s lien law was unconstitutional, and the reasoning of the learned judge who announced the opinion of the court, applying these two sections of the constitution to the mechanic’s lien law, we think applies with peculiar force to the facts in the case at bar. We think that this section of the statute clearly violates the principle stated in the bill of rights that all laws must be for the equal, protection and benefit of the people. We think that the act is in clear violation of these provisions of the constitution and, if we are wrong in that conclusion, we think that the case in the 49 Ohio St., page 536, and the reason there given for holding that ordinance invalid, apply in this case.
On page 545, the court say that the ordinance in that case was held an ‘‘unreasonable exercise of power, because the effect of the ordinance was largely a prohibiting, under the name of licensing, the sale at auction of goods brought into the corporation for that purpose, which enter into daily use and consumption, and which could not be excluded by any police regulation as being detrimental to the public *598 health, comfort, and convenience. The ordinance is not impartial; it unjustly discriminates, by the imposition of a license tax, between goods, wares, and [merchandise in the ■city, and such as^fmay' [be imported from® other cities or places within the borders of the state, for the purpose of ■sale at auction. The ordinance is “in restraint of trade. ” The judge amplifies that reason, and says further that the “ordinance is opposed to the public policy of the state.”
Louis Bruclcer and D. W. Cummins, for Plaintiff in Error.
J. B. Seward and Samuel Marriott, for the City.
In commenting on the case in the 52 Cal., 646, and quoting from the opinion in that case, the court quotes with approval the saying of that California court, that the ordinance was “flagrantly unjust, oppressive, unequal and partial;” that it discriminates between merchants .who are in identically the same line of business: The only difference in the case at bar being between the man who runs the business for a short time, and the man who runs the business •for a longer time.
It is said, in argument, that these transient dealers escape taxation. If that is so, it is because the assessors do not perform their duties under sec. 2741 of the Revised Statutes.
We hold, therefore, that the judgment of the court of common pleas, and of the mayor, must be reversed, because the act is unconstitutional, and because the ordinance is illegal and void. The judgments of the courts below are reversed and the plaintiff in error discharged from custody.