THE HON. WILLIAM L. HOLLOWAY,  
THE HON. HENRY C. SMITH, } Associate Justices.

---

McQUEENEY, RESPONDENT, *v.* TOOMEY ET AL., APPELLANTS.

(No. 2,457.)

(Submitted November 11, 1907. Decided December 4, 1907.)

[92 Pac. 561.]

*Real Property—Execution Sales—Deficiency Judgment—Purchaser from Judgment Debtor—Title Acquired—Appeal—Pleadings—Complaint—Sufficiency.*

Execution Sale—Action to Enjoin—Complaint—Sufficiency.
1. The complaint in an action to enjoin the levying of an execution issued upon a deficiency judgment, which alleged that an execution had been issued in a cause wherein one C. was defendant, that the sheriff levied upon and sold the property in controversy as the property of C. and that thereafter C., the judgment debtor, for value sold and conveyed the premises by a good and sufficient deed to plaintiff, sufficiently alleged the ownership of C., in the absence of a demurrer, assuming that such an allegation was necessary.

Real Property—Execution Sales—Purchaser from Judgment Debtor—Title Acquired—Liens—Deficiency Judgment.
2. *Held,* under section 1197, and sections 1233-1236, Code of Civil Procedure, that where real estate is sold under execution and bid in by the judgment creditor for less than the amount of his judgment, the judgment debtor may transfer the interest remaining in him, during the period of redemption, to a third person, who, upon redemption within the statutory time, acquires the legal title free from the lien of a deficiency judgment theretofore entered.

(282)

Statutes—Adopted from Other States After Construction—Effect.

3. The legislature, by adopting statutes from another state after the same had been construed by its courts, adopts also the interpretation thus placed upon them.

*Appeal from District Court, Silver Bow County; Jno. B. Mc-Clernan, Judge.*

ACTION by John H. McQueeney against John Toomey and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Mr. John J. McHatton,* and *Mr. John G. Brown,* for Appellants.

A redemption by a judgment debtor entitles the creditor to resell the land for any deficiency. (*State* v. *Sherill,* 34 Ind. 57; *Settlemire* v. *Newsome,* 10 Or. 446; *Allen* v. *McGaughey,* 31 Ark. 253-260; *Bodine* v.. *Moore,* 18 N. Y. 347; *Wood* v. *Colvin,* 5 Hill, 228.) The same rule applies to his successor in interest. (*Crosby* v. *Elkader Lodge,* 16 Iowa, 399; Rorer on Judicial Sales, secs. 955-959; *Titus* v. *Lewis,* 3 Barb. 70; *Rutherford* v. *Newman,* 8 Minn. 47, 82 Am. Dec. 122; *Warren* v. *Fish,* 7 Minn. 432; *Standish* v. *Vosberg,* 27 Minn. 175, 6 N. W. 489; *Green* v. *Stobo,* 118 Ind. 332, 20 N. E. 850; *Dray* v. *Dray,* 21 Or. 59-67, 27 Pac. 223; *Scaman* v. *Galligan,* 8 S. Dak. 277, 66 N. W. 458; *Bennett* v. *Bagley,* 22 Hun, 408; *Cauthorn* v. *Indianapolis etc. R. Co.,* 58 Ind. 14; *Stein* v. *Chambers,* 18 Iowa, 474, 87 Am. Dec. 411; *Phyfe* v. *Riley,* 15 Wend. 248, 30 Am. Dec. 55; *Davenport* v. *Karnes,* 70 Ill. 465; *Flanders* v. *Aumack,* 32 Or. 19, 67 Am. St. Rep. 504, 51 Pac. 447.) There can certainly be no distinction between a successor in interest of a judgment debtor, redeeming, and the debtor himself. Conveyance by the debtor would confer no greater right than he himself had. The successor in interest simply occupies the shoes of his predecessor, and can have no new or enlarged rights or privileges, and certainly cannot enjoy any that the judgment debtor did not possess, or could not have enjoyed, if he himself

had redeemed. The effect of the sale under the execution is simply to suspend rights, until a redemption has taken place.

Again, we desire to observe that there may be some difference in principle between the right of a party claiming under a mortgage foreclosure to a second execution and one claiming under a judgment. Where a party takes a mortgage as security, it might be held that, when he foreclosed and sold the property, he had received every right which he had bargained for, or which the other party had contracted to give him, and that any lien against that particular property or any claim of preference of payment out of it, had been satisfied to the full extent of the contract of the parties; whereas, a judgment creditor does not stand in contract relation with the judgment debtor. He has obtained a judgment to which he is entitled, under the law. There is no expressed or implied agreement that he shall confine his execution to a single sale of the property of the judgment debtor. He is entitled to a full satisfaction, and it would seem that the fact that he had obtained a partial satisfaction out of the judgment debtor's property would not bar him from levying a second or deficiency execution and obtaining full satisfaction. Certainly, under the authorities, he would have this right as against the judgment debtor. To hold that he would not, as against his successor in interest, would be to vary the law without there being a variance and distinction in principle; and it seems to us that this cannot be done without violence to correct principle and permitting the judgment debtor to practice a species of fraud upon his creditor.

*Mr. John Lindsay,* for Respondent.

When our legislature adopts a statute of another state, it is presumed to have adopted the construction which has been placed upon it by· the courts of that state. (*Davenport* v. *Kleinschmidt,* 6 Mont. 502, 13 Pac. 249; *Largey* v. *Chapman,* 18 Mont. 563, 46 Pac. 808; *Price* v. *Lush,* 10 Mont. 68, 24 Pac. 749, 9 L. R. A. 467; *Murray* v. *Heinze,* 17 Mont. 353, 42 Pac.

1057, 43 Pac. 714; *State* v. *Metcalf,* 17 Mont. 417, 43 Pac. 182; *State* v. *O'Brien,* 18 Mont. 1, 43 Pac. 1091, 44 Pac. 399.) And such construction is controlling on the courts of this state. (*Sharman* v. *Huot,* 20 Mont. 557, 63 Am. St. Rep. 645, 52 Pac. 558.)

The right of redemption is a right given by statute, and the decisions in the different states vary, in accordance with the different statutes. (Freeman on Executions, 2d ed., sec. 314.) And, in order to redeem, the statutes must be strictly followed by the party seeking to redeem, except that the purchaser or those acting for him may waive defects in redeeming. (Id., sec. 314.) The rule seems to be that if the property be sold under a judgment, for an amount insufficient to satisfy it, the lien of the judgment is removed from the property; so that the plaintiff cannot, unless he has some other lien, redeem from the purchaser. This is the rule where there are several liens, and the proceeds are to be applied according to the several priorities and the sale will leave some of the liens entirely unpaid. (Id., sec. 321; *Simpson* v. *Castle,* 52 Cal. 644.) The decision in the case last cited has been approved in the following cases: *Black* v. *Gerichten,* 58 Cal. 58; *Fish* v. *Fowlie,* 58 Cal. 375; *Hervey* v. *Krost,* 16 Ind. 276, 19 N. E. 125; *Horn* v. *Indianapolis Nat. Bank,* 125 Ind. 394, 21 Am. St. Rep. 231, 25 N. E. 558, 9 L. R. A. 676, and *Pollard* v. *Harlow,* 138 Cal. 392, 71 Pac. 454. See, also, *Hays* v. *Thode,* 18 Iowa, 51; *Clayton* v. *Ellis,* 50 Iowa, 590.

The Code of Civil Procedure, section 1234, provides that the judgment-debtor, or his successor in interest, may redeem. So that we find the successor in interest is a redemptioner. We must conclude, therefore, that when McQueeney, the plaintiff and respondent in this case, before the expiration of the time for redemption, purchased the lands from Conroy, the judgment debtor, he secured title thereto, devested of any lien by reason of the deficiency judgment against Conroy.

MR. JUSTICE SMITH delivered the opinion of the court.

The district court of Silver Bow county tried this cause without a jury, and made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT.

"In the above-entitled action, the court finds upon the testimony submitted the following facts:

"First. The court finds that an execution was duly issued out of the above-entitled court in a cause wherein the defendant in this action, John Toomey, was plaintiff, and one M. V. Conroy was defendant, which execution was delivered to John J. Quinn, sheriff of the county of Silver Bow, state of Montana, a defendant in this cause; and that, in pursuance of said execution, said sheriff levied upon and sold the property described in the complaint in this action as the property of said M. V. Conroy.

"Second. The court further finds that the plaintiff herein, John H. McQueeney, subsequent to the date of said sale, and prior to the expiration of the one year allowed by law within which redemption of the said property might be made, for a valuable consideration purchased from the said M. V. Conroy all his right, title, and interest in the property described in the complaint herein, and received a deed therefor, and that he.is, at the time of this trial, and was since- the 27th day of September, 1905 (the date of the purchase of said property), the owner of the whole of the said property.

"Third. The court further finds that on the 30th day of September, 1905, and within one year after the date of the purchase by him of said premises, plaintiff duly redeemed the same, by causing notice of redemption to be made and served on the said John J. Quinn, sheriff aforesaid, and on the county clerk of Silver Bow county, Mont., by which said notice plaintiff claimed the right of redemption; and on the same day plaintiff paid to the said sheriff the sum of $392. And the court finds that the sum of $392 was the amount due upon said sale

at said date, and the full amount due to effect redemption of said property.

"Fourth. The court further finds that on the 12th day of October, 1905, said sheriff issued his certificate of redemption to plaintiff, and that the same was duly filed in the office of the county recorder of said Silver Bow county, Mont.

"Fifth. The court further finds that, after the redemption by plaintiff of the said property, the said sheriff, upon the order of defendant, published and advertised a notice that the said property would be again sold, upon an execution for a deficiency judgment in the cause first mentioned, to-wit, John Toomey, plaintiff, v. M. V. Conroy, defendant, and that said John J. Quinn, sheriff, was at the time of the commencement of this suit about to resell the same.

"Sixth. The court further finds that the said property is all situate in the county of Silver Bow, state of Montana, and within the jurisdiction of this court, and that the redemption made by plaintiff was a full and complete redemption of the property from said sale.

"Seventh. The court further finds that, at the time of the trial of this cause, the judgment in the case of John Toomey v. M. V. Conroy, in favor of said Toomey, had been fully satisfied and receipted by the clerk of the district court.

"Eighth. The court further finds that, at the time of the issuance of the execution which this action is brought to enjoin, it was issued for a sum many times greater than the amount due from M. V. Conroy to John Toomey.

"Ninth. The court further finds that all the allegations of plaintiff's complaint are true.

## "CONCLUSIONS OF LAW.

"From the foregoing facts, the court finds its conclusions of law as follows, to-wit:

"First. That when the property described in the complaint was redeemed from the execution sale on a judgment in favor of John Toomey, plaintiff, v. M. V. Conroy, defendant, by John

H. McQueeney, who had subsequent to the date of said execution sale purchased the interests of the judgment debtor, M. V. Conroy, said property was not then subject to levy and sale under an execution issued upon a deficiency judgment in the case of Toomey v. Conroy; and that, as appears from the record in this case, the property in controversy was that of John H. McQueeney and could not be subjected to execution upon a judgment in favor of John Toomey and against M. V. Conroy.

"Second. As a further conclusion, the court holds that, when an execution is issued upon a judgment, which execution is greatly in excess of the amount actually due upon the judgment, it is unconscionable and void, and the court finds that in this case said execution was unconscionable and void.

"Third. The court further concludes as a matter of law that the remedy by injunction is a proper remedy to be exercised by the court in this case, and that the plaintiff is entitled to a judgment against the defendants forever restraining and enjoining them from in any manner levying the execution in question herein, and forever restraining them from in any manner casting a cloud upon plaintiff's title to the property in controversy in this action by any process issued out of the court by virtue of the judgment in the case of John Toomey, plaintiff, v. M. V. Conroy, defendant; and it is ordered that a judgment so restraining defendants be issued herein."

A decree was entered in favor of the plaintiff in accordance with the conclusions of law. Defendants appeal from the judgment, and also from an order denying a new trial.

Appellants contend that the finding of the court below that, at the time of the trial, the judgment in the case of *Toomey v. Conroy* had been fully satisfied, is not justified by the evidence, but we do not find it necessary to decide that question.

It is also contended that the complaint does not state facts sufficient to constitute a cause of action, for the reason that it is not therein alleged that Conroy was the owner of the property levied upon and sold by the sheriff. It is true that the complaint does not allege, in set terms, that Conroy was the owner;

but, after describing the premises, the complaint does allege that Conroy, "for value, sold and conveyed by a good and sufficient deed the above-described premises and all thereof to the plaintiff herein, since which time plaintiff has been and now is the owner and entitled to possession of said described premises, and the whole thereof." It is also alleged that the sheriff levied upon the real estate described, as the property of Conroy, and sold the same to Toomey. There was no demurrer to the complaint, and the questions considered by the court below were only those involved in the findings of fact and conclusions of law *supra.* Assuming that such an allegation is necessary, we think the complaint was sufficient in the absence of a direct attack thereon in the district court.

The serious question involved,—which seems to be one of first impression in Montana,—is this: When real estate is sold under execution and bid in by the judgment creditor for less than the amount of his judgment, what is the nature of the judgment debtor's remaining interest in the property, during the period allowed by law for redemption, and can he transfer that interest, whatever it may be, to a third person, so that the latter, by redeeming from the execution sale, can get a legal title free from the lien of the deficiency judgment? The respondent maintains that he can, while the appellant contends that the deficiency judgment is a lien upon the property in the name of the third person, and that the creditor may resell the same in the same manner, and with the same legal effect, as though the debtor himself had redeemed.

Appellant has called our attention to the case of *Curtis* v. *Millard & Co.,* 14 Iowa, 128, 81 Am. Dec. 460, where the court said: "Under our statute the legal estate of a judgment debtor is not devested by a sale of his land under execution, until after the expiration of the period for redemption, and the title has vested in the purchaser by deed from the sheriff. Prior to the delivery of such deed (which cannot be made until after the time for redemption runs out), the legal estate, the possession and usufruct, all remain with the execution debtor, and is an

interest of value, or such an estate as may be the subject of a lien, or of a sale under an execution, or of a conveyance by deed from the debtor. If, during the interim between the date of the sale and the delivery of the sheriff's deed to the purchaser, other judgments are rendered against the debtor, it has been repeatedly held that they attach as liens upon the debtor's interest, which is one of real value, consisting not only of the legal estate, rents, and profits, but the consequent right to discharge the lien and make his estate absolute. If, under such circumstances, the debtor should sell his right and interest in the premises, the purchaser would take it subject to all the liens and encumbrances that existed upon the same in the hands of the vendor. Now, the courts have frequently declared that the purchaser of lands sold on execution acquires by his purchase no more than a lien upon the lands for the amount of his bid. He acquires no right or estate upon which he could maintain ejectment, or which could be levied upon and sold for his debts. It is simply an inchoate or conditional right to an estate, liable to be defeated any time within one year by the payment of the purchase money and interest.''

It will be seen that the conclusion of the Iowa court seems to rest upon the proposition that, under the Iowa statute, after a sale upon execution, the legal title remained in the judgment debtor, and that therefore the lien of a deficiency judgment attached to that legal title.

But, in the case of *Simpson* v. *Castle*, 52 Cal. 644, cited by respondent, this state of facts obtained: One Post, being the owner of certain lands, made a mortgage thereon to the defendant Castle, to secure the payment of a debt due from the former to the latter. The mortgage was foreclosed in the usual form, and at the sale of the mortgaged premises under the decree Castle became the purchaser for a sum less than the amount of the judgment, and received the usual certificate of sale. Thereupon the deficiency was reported by the sheriff, and a judgment therefor was duly docketed. Afterward, before redemption, and before the time for redemption had expired, the

mortgagor (Post) conveyed the premises to the plaintiff (Simpson), who, as the successor in interest of Post, paid to the sheriff the sum necessary to effect a redemption, which sum was accepted by the sheriff with the consent of Castle, to whom the redemption money was then paid, and thereupon the sheriff delivered to the plaintiff a certificate of redemption in due form. After the redemption was thus completed, Castle sued out an execution on the judgment for the deficiency, and the sheriff, under the direction of Castle, levied the execution on the same premises and was about to sell them under the execution. The action was brought to enjoin the sale.

The California court in its decision first notices the Practice Act of 1851, section 231, which provided that the judgment debtor, or a redemptioner, might redeem within six months on paying to the purchaser the amount of his purchase, with eighteen per cent thereon, together with any assessments or taxes which may have been paid by the purchaser, with interest, "and if the purchaser be also a creditor, having a lien prior to that of the redemptioner, the amount of such lien with interest." The court then reviews the case of *McMillan* v. *Richards*, 9 Cal. 365, 70 Am. Dec. 655, where it was held that if real estate which is subject to a lien be sold under execution to the judgment creditor for a sum less than the whole amount of the judgment, he (the judgment creditor) still continued to be "a creditor having a lien" for the unsatisfied portion of the judgment upon the property sold under the execution; and that neither the judgment debtor nor a redemptioner with a subsequent lien could redeem without first paying the judgment. The court then says that at the next session of the California legislature the Practice Act of 1851 was amended, by adding thereto a clause that, "after the sale of any real estate, the judgment under which such sale was had shall cease to be a lien on such real estate."

We find, therefore, that in order to abrogate the rule laid down in *McMillan* v. *Richards, supra,* the legislature of California expressly provided that, after the sale of any real estate, the judg-

ment under which such sale was had should cease to be a lien on such real estate. But the law was again amended in 1860, by substituting for the words last above quoted a provision to the effect that in order to effect a redemption, "if the purchaser be also a creditor having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made," the amount of such lien, with interest thereon, shall also be paid.

The California court then says: "At the same time section 232 (of the Practice Act of 1851) was amended, and, as amended, provides that in redeeming from a redemptioner, and in the payment of prior liens held by him, 'the judgment under which the property was sold need not be so paid as a lien.' From this history of the decisions and legislation on the point under discussion, it is manifest that the amendment of 1859 unequivocally abrogated the rule laid down in *McMillan* v. *Richards;* and we think it is equally clear that the amendment of 1860 was only intended to modify the rule prescribed by the amendment of 1859, and not to restore that announced in *McMillan* v. *Richards.* On the contrary, the opposite intent is apparent. It was probably foreseen that under the broad language of the amendment of 1859 it might be claimed that, even though the property was redeemed by the judgment debtor, it would not thereafter be subject to the lien of the unsatisfied portion of the judgment. To obviate this result, the amendment of 1860, instead of retaining the provision that the lien of the judgment should cease absolutely after the sale, modified the rule by providing that the judgment debtor or a redemptioner may redeem by paying the amount of the purchase, with two per cent per month interest, together with any taxes or assessments paid by the purchaser; 'and if the purchaser be also a creditor having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien, with interest.' "

The Montana Code (Code Civ. Proc., sec. 1234) provides: "Property sold subject to redemption, as provided in the last section, or any part sold separately, may be redeemed in the

manner hereinafter provided, by the following persons, or their successors in interest:

"(1) The judgment debtor, or his successor in interest, in the whole or any part of the property.

"(2) A creditor having a lien by a judgment, mortgage or attachment, on the property sold, or on some share or part thereof, subsequent to that on which the property is sold. If a corporation be such creditor, or any stockholder thereof may redeem, in case the officers of such corporations refuse so to do. The persons mentioned in the second subdivision of this section are. in this Chapter, termed redemptioners."

Section 1235 provides: "The judgment debtor, or redemptioner, may redeem the property from the purchaser any time within one year after the sale, on paying the purchaser the amount of his purchase, with one per cent per, month thereon in addition up to the time of redemption, together with the amount of any assessment or taxes which the purchaser may have paid thereon after purchase, and interest on such amount, and if the purchaser be also a creditor having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien with interest."

Section 1236 provides: "If property be so redeemed by a redemptioner, another redemptioner may, within sixty days after the last redemption, again redeem it from the last redemptioner on paying the sum paid on such last redemption, with two per cent thereon in addition, and the amount of any assessment or taxes which the last redemptioner may have paid thereon after the redemption by him, with interest on such amount, and in addition the amount of any liens held by said last redemptioner prior to his own, with interest; but the judgment under which the property was sold need not be so paid as a lien. The property may be again, and as often as the redemptioner is so disposed, redeemed from any previous redemptioner, within sixty days after the last redemption, on paying the sum paid on the last previous redemption, with two per cent thereon in addition, and the amount of any assessment or taxes which the last

previous redemptioner paid after the redemption by him, with interest thereon, and the amount of any liens, other than the judgment under which the property was sold, held by the last redemptioner previous to his own, with interest.

"Written notice of redemption must be given to the sheriff, and a duplicate filed with the county clerk, and if any taxes or assessments are paid by the redemptioner, or if he has or acquires any liens other than that upon which the redemption was made, notice thereof must in like manner be given to the sheriff, and filed with the county clerk, and if such notice be not filed the property may be redeemed without paying such tax, assessments or lien. If no redemption be made within one year after the sale, the purchaser or his assignee, is entitled to a conveyance; or, if so redeemed, whenever sixty days have elapsed, and no other redemption has been made, and notice thereof given, and the time for redemption has expired, and the last redemptioner or his assignee, is entitled to a sheriff's deed; but in all cases the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property. If the judgment debtor redeem, he must make the same payments as are required to effect a redemption by a redemptioner. If the debtor redeem, the effect of the sale is terminated, and he is restored to his estate. Upon a redemption by a debtor, the person to whom the payment was made must execute and deliver to him a certificate of redemption, acknowledged or proved before an officer authorized to take acknowledgments of conveyances of real property. Such certificate must be filed and recorded in the office of the county clerk of the county in which the property is situated, and the county clerk must note the record thereof in the margin of the record of the certificate of sale."

Sections 231 and 232 of the California Practice Act of 1851, amended as indicated in the opinion of the court in *Simpson* v. *Castle*, were afterward incorporated in the California Codes of 1873. Our Code provisions above noticed are, in substance, and almost word for word, like those of California which had been construed there before their adoption here, and we took

them with the interpretation placed upon them by the supreme court of California. In addition to this, we agree with the reasoning of the court in *Simpson* v. *Castle,* so far as heretofore referred to. It is true that the court in that case goes on to say: "But it is well settled in this state that after a sale of real estate under execution, or under a decree of foreclosure, the legal title remains in the judgment debtor or mortgagor while the time for redemption is running," and attempts to further justify its decision on that ground. With this last line of reasoning we do not agree, preferring, rather, to concur in the conclusion of the Iowa court on that branch of the case as based upon the Iowa statute.

But the California court was wrong in its second conclusion, for the reason that at the time the decision was rendered there was a statute in that state providing that a sale on execution vested in the purchaser the legal title to the property. This provision was overlooked by the court in *Simpson* v. *Castle,* as was afterward held in *Pollard* v. *Harlow,* 138 Cal. 390, 71 Pac. 454, and *Leet* v. *Armbruster,* 143 Cal. 663, 77 Pac. 653. Our Code provision is the same as that of California, and reads as follows: "Sec. 1233 (Code Civ. Proc.). Upon a sale of real property, the purchaser is substituted to and acquires the right, title, interest, and claim of the judgment debtor thereto; and when the estate is less than a leasehold of two years unexpired term, the sale is absolute. * * *"

We find, then, that the legal title leaves the judgment debtor and vests in the purchaser, subject, however, to the right of redemption.

The lien of a judgment duly docketed in the clerk's office is as follows: "From the time the judgment is docketed it becomes a lien upon all real property of the judgment debtor not exempt from execution in the county, owned by him at the time, or which he may afterward acquire, until the lien ceases." (Code Civ. Proc., sec. 1197.)

The execution sale transfers the legal title to the purchaser, leaving in the judgment debtor simply the right to redeem.

How can it be said that, after he has lost the legal title, the debtor is still the owner of the property? We are inclined to the opinion that he is more nearly in the position of one who has a right to repurchase the property on certain fixed and definite terms. Of course, if the debtor redeems, the effect of section 1236, *supra*, is to terminate the sale and restore the estate to him, whereupon any deficiency judgment would attach as a lien.

Appellant has cited the following cases, which we think we should notice. In the case of *Crosby* v. *Elkader Lodge,* 16 Iowa, 399, it was held that a judgment creditor has a lien upon the equitable interest of the judgment debtor in the real estate, and such interest may be levied upon and sold to satisfy the judgment. If we place our decision of this case upon the statutory construction adopted in *Simpson* v. *Castle* alone, this Iowa case has no application. But it may readily be distinguished from the case at bar by the statement that after the judgment debtor has lost all "his right, title, interest, and claim" in the property, he no longer has any title, either legal or equitable.

The cases of *Phyfe* v. *Riley,* 15 Wend. (N. Y.) 248, 30 Am. Dec. 55; *Titus* v. *Lewis,* 3 Barb. (N. Y.) 70; *Green* v. *Stobo,* 118 Ind. 332, 20 N. E. 850, *Warren* v. *Fish,* 7 Minn. 347 (Gil. 347), *Rutherford* v. *Newman,* 8 Minn. 28 (Gil. 28), 82 Am. Dec. 122, and *Standish* v. *Vosberg,* 27 Minn. 175, 6 N. W. 489, are founded upon statutes essentially different from ours. As was said by the court in *Warren* v. *Fish,* and substantially in *Standish* v. *Vosberg,* referring to the grantee of the judgment debtor: "He was the owner of the fee."

In some of the states from which the foregoing citations are taken it is provided that, when redemption is made by the defendant or his heirs, devisees, grantees, etc., the sale of the premises so redeemed, and the certificate of such sale, shall be null and void and the proceeding at an end. (See *Phyfe* v. *Riley, supra.*)

It will be noted that our Code specifically says: "If the *debtor* redeem, the effect of the sale is terminated and he is restored

to his estate." This language is significant, and we feel that we might almost base our decision upon it alone.

The decisions of the supreme court of Oregon, in *Dray* **v.** *Dray,* 21 Or. 59, 27 Pac. 223, and *Flanders* v. *Aumack,* 32 Or. 19, 67 Am. St. Rep. 504, 51 Pac. 447, are based squarely upon the proposition that, after an execution sale, the legal title remained in the debtor, by statute, until the delivery of a sheriff's deed. In the case of *Scaman* v. *Galligan,* 8 S. Dak. 277, 66 N. W. 458, the property was redeemed by the judgment debtor, and, in the light of a statute exactly like ours, the court said: "There would seem to be no valid reason why a judgment creditor, under whose execution a sale has been made for less than the amount of his judgment and which has been redeemed by the judgment debtor, should not have the right to issue a second execution, and sell the same property again after a re-demption by such debtor."

*Stein* v. *Chambless & Banford,* 18 Iowa, 474, 87 Am. Dec. 411, is an Iowa case, resting upon *Curtis* v. *Millard & Co., supra,* and the Iowa statutes. The case of *Davenport* v. *Karnes,* 70 Ill. 465, can best be understood by reference to *McLagan* v. *Brown,* 11 Ill. 519, where the court said: "In this state, at least, the principal estate continues in the judgment debtor after the sale on execution so long as the equity of redemption continues, and, indeed, until the sheriff's deed is executed."

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.