ELIZABETH L. DAVENPORT

*v.*

JOHN KARNES *et al.*

1. MARRIAGE CONTRACT—*governed by the law of the State where to be performed.* Where a resident of this State made a parol ante-nuptial agreement, in 1848, in the State of Pennsylvania, where he was married,

and immediately removed to this State, where the contract was to be per.
formed: *Held*, that the law of this State governed, as to its effect and
validity, and not that of the State where it was made.

2. SAME—*land purchased in wife's name, in pursuance of parol agree-
ment—husband's curtesy liable to sale.* Where a husband purchased land
with his wife's means, taking a simple conveyance to her, in 1854, it was
*held*, that it became the property of the wife, subject to the rights the mar-
riage conferred upon the husband, as to his creditors, notwithstanding a
parol ante-nuptial agreement to the contrary, and that his life estate was
subject to sale on execution, unaffected by the act of 1861.

3. JUDGMENT LIEN—*not affected by acts of debtor.* Where two judg-
ments were recovered against a party at the same term of court, which
became liens upon his life estate in land, and a levy and sale of the
same was made under an execution issued upon one of the judgments,
after which the debtor conveyed his interest to a brother, who redeemed
from the sale within twelve months: *Held*, that, by the redemption, the
sale became null and void, and the premises were liable to the lien of the
other judgment, which could not be avoided by the act of the judgment
debtor conveying his equity of redemption.

APPEAL from the Circuit Court of Henry county; the
Hon. GEO. W. PLEASANTS, Judge, presiding.

This was a bill in chancery, brought by Elizabeth L. Daven-
port against John Karnes and John B. Hagin, to set aside a
sale of a tract of land made under execution against Thomas
F. Davenport, the complainant's husband. The opinion of
the court states the grounds upon which the relief was sought.

Mr. O. E. PAGE, for the appellant.

Mr. GEORGE W. SHAW, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the
Court:

This is an appeal from a decree of the circuit court of
Henry county, sitting as a court of chancery. The scope and
object of the bill was, to enjoin the sale of a certain tract of
land claimed as the separate property of the appellant, on
which a levy had been made under a *fi. fa.* issued on a judg-
ment in favor of the appellee.

Appellant claims that, by virtue of a parol ante-nuptial agreement, made in 1848, in the State of Pennsylvania, her property was to be and remain under her exclusive control, relieved from any claim of her husband, growing out of the marriage. She alleges, and it is not denied, that the land in question was purchased in 1854, by her husband, with her money, and the deed of conveyance taken in her name.

The first question presented is, under these facts, has the husband of appellant such an interest in the land as is liable to be taken in execution on a judgment against the husband, and sold?

At the time of the marriage, the husband was a resident of this State, and has been such resident ever since, and to this, his domicil, the parties repaired after the marriage, and it is here the contract was to be performed. It is argued by appellant that, by the laws of Pennsylvania, a parol ante-nuptial contract is a legal and binding contract, and will be enforced in a court of equity.

Whatever the law may be in Pennsylvania, on this subject, the law of the place where the contract is to be performed, must govern. What is the law in this State? Such an agreement, if executed, would, we have no doubt, be good as against the husband or his subsequent creditors. If the husband, when this land was purchased, had, in the conveyance, settled it to her separate use, the marital rights of the husband would, no doubt, have been excluded. The deed was taken in the name of the wife as the grantee, in the usual form, and the land became her property, but subject to all the rights the marriage conferred upon the husband. The act of 1861, called "The Married Woman's Law," could not and did not take away any of these rights, as was held in *Rose* v. *Sanderson*, 38 Ill. 247, and *Dubois* v. *Jackson*, 49 ib. 49.

This being so, the husband possessed a life estate in this land, subject to execution. No interference with the fee is attempted, or any right to do so claimed by appellee. He only insists upon his right to subject the interest of the hus-

band in the land to sale under the execution issued on his judgment. This he has a clear right to do. *Rose* v. *Sanderson, supra.*

It appears appellee had two judgments against the husband of appellant, rendered at the same term of the court. Executions were issued on these judgments on the same day, and delivered to the sheriff to be executed.

The premises in question were levied on under the execution issued on the smaller judgment, and sold by the sheriff to appellee, on the 24th day of June, 1871, he being the highest bidder, for the sum of three hundred dollars. Before the twelve months expired, on the 30th of May, 1872, the defendant in the execution made and delivered to his brother a quitclaim deed for the premises, conveying all right which he might have to the same, either as tenant by the curtesy or otherwise, as the husband of appellant. Being such grantee, his brother, on the 19th of June, 1872, redeemed the premises from this sale, and obtained from the sheriff a certificate of redemption, which was recorded, and, on the same day, the redemption money was paid to the attorney of the plaintiff in the execution, the appellee here, for which he receipted to the sheriff.

Under the statute, the sale, and the certificate issued thereon, of these premises, became null and void by the redemption. Scates' Comp. 607.

This being the situation, appellee caused an alias execution to be issued on the larger judgment, on the 20th day of June, 1872, and to be levied on the same premises, and they were levied on and sold by the sheriff to appellee for the sum of twenty-five hundred dollars. This is the sale appellant claims, by her bill, as illegal, and prays that it be set aside as a cloud upon her title.

Appellant's counsel takes the position, that the premises, having been once sold, and redeemed within the year, can not be again sold on a judgment which was a lien on the premises at the time of the sale under the execution issued on the

smaller judgment. To state the position more fully, appellant insists, where two judgments are rendered at the same term of the same court, in favor of the same plaintiff, and against the same defendant, neither has priority of lien over the other, and, where lands are sold on a *fi. fa.* issued upon one of those judgments while an execution is in the hands of the sheriff, issued upon the other, the plaintiff has exhausted his remedy as against the lands, and they can not be again sold under either of said judgments, unless the same shall be redeemed by the judgment debtor, and again brought within the reach of a subsequent execution.

Again, he insists, where a judgment creditor has exhausted his remedy against the lands of his debtor, by a sale of the same on execution, the judgment debtor can sell his equity of redemption, and if the lands shall be redeemed by the grantee within one year from the sale on execution, the grantee will get a good title to the land, unaffected by any of the judgments.

In support of these propositions, *Merry* v. *Bostwick*, 13 Ill. 398, is cited. In that case, Merry, the plaintiff in error, claimed to hold the land under a purchase made at a sheriff's sale, on an execution issued upon a judgment junior to that under which the redemption was made. The reason given by the court is, that the judgment debtor had no such interest in the premises, at the time the sale was made under the junior judgment, as could be taken and sold on execution. The premises had been previously sold on an older judgment.

In that case, the only interest the judgment debtor then had, was the right to redeem, which right would be cut off by allowing it to be sold on a second judgment.

In the case before us, there is no such element as a junior judgment, nor any attempt to sell the right of redemption; that had been sold and conveyed by the defendant in the execution, to his brother. The defendant had one year within which to redeem, but within that time he conveyed as stated. This right of redemption then passed to his grantee, and he

thereby acquired only the right to redeem. *Dunn* v. *Rodgers,* 43 Ill. 260.

As before said, under the statute, upon this redemption, the sale became null and void. Scates' Comp. 607. This being so, the premises were as though no levy and sale had been made, and became liable to levy and sale on the execution issued on the larger judgment, as that judgment was a lien upon the premises at the time of the conveyance by the judgment debtor to his brother, of which he could not be deprived by any act of theirs.

These principles are clearly recognized in *McLagan* v. *Brown et al.* 11 Ill. 519.

As we understand the case, we do not perceive in what manner appellee could be deprived of the lien of the larger judgment, or what there was to prevent him from enforcing the lien acquired thereby. He had the judgment. It was a valid lien on the defendant's estate in this land, and why it should not be sold to satisfy the judgment, we can not understand. It is not in the power of a judgment debtor, by assigning his right to redeem, to deprive creditors of their rights.

We concur with the circuit court in dismissing the bill, and affirm the decree.

*Decree affirmed.*