# Equitable Life Assurance Society of the United States v. Barbara Frommhold.

1. CORPORATIONS—*Power of, Outside of State Granting Charter.*— There is no legal obligation on any State to permit a foreign corporation to transact business within its limits, and when permission is granted so to do, whether by tacit consent of the State or by virtue of an express statute, the basis of the permission is interstate comity; and for the State to permit a foreign insurance company to declare a forfeiture of a policy of insurance in a manner prohibited by the law of the State of its creation and to the prejudice of a citizen of this State, is not required by any consideration of interstate comity, and such a forfeiture will not be enforced.

2. CONTRACTS—*Place of.*—Where an application for insurance was forwarded to New York and there accepted, and the policy was there issued and returned to this State for delivery, and the premiums and the amount insured were, by the policy, expressly made payable in New York, authorities are not wanting in support of the proposition that New York is to be regarded as the place of the contract.

3. EVIDENCE—*Of the Reception of a Letter.*—Evidence of the mailing of a letter properly addressed and stamped to a person known to be doing business in a place where there is established a regular delivery of letters, is *prima facie* proof of the reception of the letter by the person to whom it was addressed.

4. SAME—*Of the Delivery of a Letter—What is Necessary.*—The placing in the mail of an envelope properly stamped, is not even presumptive evidence of the delivery of the same, unless it was properly addressed, and if the evidence shows that a notice was placed in an envelope properly stamped and mailed, unless the evidence further shows that the envelope was properly addressed to the person for whom it was intended, such evidence should be wholly disregarded.

5. CONFLICT OF LAWS—*The Law of the Forum Governs as to Evidence.*—A section of a statute which merely prescribes a rule of evidence can have no force outside of the State adopting it, as the law of the forum governs as to pleading and evidence.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed February 14, 1898.

OTIS H. WALDO, attorney for appellant.

WARWICK A. SHAW, attorney for appellee; SAMUEL B. KING, of counsel.

Even though the contract were an Illinois contract, yet the company would be bound by, and the contract controlled by, the laws of the State of New York, regarding forfeitures, and the policy was never forfeited, unless the laws of that State requiring sending of notices to assured were complied with, for the reason, that for the company to declare the policy forfeited without such notice is *ultra vires;* hence the contract was never forfeited and was in force at the death of the assured, because of the failure to comply with the statute in sending notice. Phinney v. Mutual Life Ins. Co., 67 Fed. Rep. 493; Griffith v. New York Life Ins. Co., 101 Cal. 627; Home Life Ins. Co. v. Pierce, 75 Ill. 426; United States Life Ins. Co. v. Ross, 159 Ill. 486; Fidelity Mutual Life Ass'n v. Ficklin, 74 Md. 172; Starkweather v. American Bible Society, 72 Ill. 50; Penn v. Bornman, 102 Ill. 532; Baxter v. Brooklyn Life Ins. Co., 119 N. Y. 450.

And it has been held that the legal construction and effect of a policy of insurance made by a company incorporated in a sister State, are governed by the law of that State. St. John v. American Mut. L. Ins. Co., 2 Duer (N. Y.), 419; 13 N. Y. 31; 64 Am. Dec. 529.

The notice must not only comply with the statute with reference to time of sending, but it must be put in the mail. Waterworth v. American Order of Druids, 164 Mass. 574; Northwestern Traveling Men's Ass'n v. Schauss, 148 Ill. 304; Phelan v. Northwestern Mut. Life Ins. Co., 113 N. Y. 147.

The defendant must prove positively and strictly that the notice required was sent to the assured at his last known postoffice address. Anything less than that is insufficient. Northwestern Traveling Men's Ass'n v. Schauss, 148 Ill. 304.

The burden of proving this is on the insurance company. Baxter v. Brooklyn Life Ins. Co., 44 Hun, 184; Wyman v. Phœnix Mut. Life Ins. Co., 45 Hun, 184.

Where an assured changes his address and notifies the insurance company, if notice is sent to the old address or to a wrong street number, the notice does not cause a

forfeiture because it does not comply with the requirements. Waterworth v. American Order of Druids, 164 Mass. 574; Carter v. Brooklyn Life Ins. Co., 110 N. Y. 15.

The notice must be stamped before mailing and proved to have had postage prepaid. Bless v. Jenkins, 129 Mo. 660; Provident Savings Life Assur. Soc. v. Nixon, 73 Fed. Rep. 144.

The statute must be strictly complied with in every detail. Marden v. Hotel Owners' Ins. Co., 85 Iowa, 584.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This was an action by appellee upon a policy of insurance on the life of her husband, for her benefit, and for the sum of $5,000. Appellee recovered judgment in the trial court. The policy is dated December 2, 1890, and provides for the payment by the assured, in advance, of the sum of $131.50, and the like sum on or before November 4th, in every year during the continuance of the contract, at the office of the society in the city of New York, and in and by the policy the appellant promises " to pay to Barbara Frommhold, if living, if not, then to her husband, Alfred Frommhold, his executors, administrators or assigns, at the office of the society in the city of New York, five thousand dollars, upon satisfactory proofs of the death of said Alfred Frommhold, of Chicago, in the county of Cook, State of Illinois." It appears from the evidence that the registered date of the policy was made November 4, 1894, so as to conform with the then age of the assured, namely, thirty-four years. The application for the policy, signed by appellee and her husband, contains ' the following questions and answers: Q. " Full name of the person whose life is to be assured?" A. " Alfred Frommhold." Q. " Place of business ?" A. " 129 and 131 N. Franklin street." Q. " Shall notices of premiums coming due be addressed to last named person at place of business as stated?" A. " Yes." Next after last answer is the following: " Residence, Town, Chicago, County, Cook, State, Ill. The place of business, if not

given, will be assumed to be the same as residence." The application contained a provision that the policy should not take effect until the first premium should be paid, during the life and good health of the person proposed for insurance. The application was signed and the policy delivered in Chicago. Receipts were put in evidence for the premiums, due respectively November 4, 1891, November 4, 1892, and November 4, 1893. Each receipt is headed, as is the policy, with the words, "The Equitable Life Assurance Society of the United States, 120 Broadway, New York," and is signed "W. Alexander, Secretary." In the list of officers at the heading of the policy is "William Alexander, Secretary."

Alfred Frommhold departed this life November 21, 1894, the premium due November 4, 1894, being then unpaid. November 30, 1894, a tender was made to the appellant of $130 in gold and $1.50 in silver, in payment of the premium due, by the terms of the policy, November 4, 1894, which appellant refused to receive, claiming that the contract had been forfeited for non-payment of the premium due at last date.

On the trial, section 92 of a statute of the State of New York, approved May 18, 1892, and in force October 1, 1892, was put in evidence, and is as follows:

"Sec. 92. No Forfeiture of Policy without Notice.—No life insurance corporation, doing business in this State, shall declare forfeited or lapsed, any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited, or lapsed, by reason of non-payment when due of any premium, interest or installment, or any portion thereof, required by the terms of the policy to be paid, unless a written or printed notice, stating the amount of such premium, interest, installment or portion thereof, due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured, or the assignee

of the policy, if notice of the assignment has been given to the corporation, at his or her last known postoffice address, postage paid by the corporation, or by an officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable.

" The notice shall also state that, unless such premium, interest, installment, or portion thereof, then due, shall be paid to the corporation, or to a duly appointed agent or person authorized to collect such premium, by or before the day it falls due, the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy as in this chapter provided.

" If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall, in any case, be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice.

" The affidavit of any officer, clerk or agent of the corporation, or of any one authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy, shall be presumptive evidence that such notice has been duly given."

Appellant's counsel contend, first, that the contract was consummated in this State, and therefore that the New York statute has no application; and secondly, that even though it be conceded that the statute applies, the policy was declared forfeited in conformity with its requirements. The argument of appellant's counsel on the first proposition consists of a discussion of the question, whether the contract of insurance is a New York or an Illinois contract, apparently assuming that if it is the latter, the New York statute can have no application, it not being a part of the contract, and the contract making no reference to it. In this assumption we can not concur. The question is one of power in the appellant corporation, namely, whether it

had power to declare the policy forfeited otherwise than as prescribed by the New York statute. The validity of the statute is not questioned, nor is it questioned that appellant did business in New York, or that the policy is such as is within the prohibition of the statute.

In Starkweather v. American Bible Society, 72 Ill. 50, the facts were that Charles R. Starkweather, deceased, had, by his will, devised to the American Bible Society the one undivided eighth part of his estate, part of which was realty. The American Bible Society was incorporated by a statute of New York, passed March 25, 1841, and was vested by its charter with power to hold, purchase and convey such real and personal estate as the purposes of the corporation should require; but the statute of wills of New York, of 1813, excepted bodies politic and corporate from those to whom real estate might be devised, and another statute of the same State, passed in 1822, expressly provided that no devise of real estate to a corporation should be valid. The question of law raised by these facts was, whether the New York statute incapacitating the American Bible Society from taking land by devise, applied to the devise by the will of Starkweather of land in this State, and the court held that it did, saying, among other things: "It does not matter whether this body is prohibited by its charter or by the statute of wills in New York, from taking lands by devise. Whether the one or the other statute creates the disability, the effect is the same, as it goes to the power of so taking and holding. When this body was incorporated, the statute of wills was in force, and the courts of New York hold that it controlled the powers of the company as though both provisions had been contained in the same enactment. If so, the disability is fundamental." The court, in another part of the opinion, go to the very root of the matter, saying: "It may be said that the lands not being in New York, it can in no wise affect the policy of that State for the company to hold lands in another State. Such bodies can only exercise their privileges and functions in other States by permission, express or implied,

when, by implication, it is denominated comity between States. For such bodies to hold property or transact business in a State different from that of their creation, they must have such permission. This being so, New York has no power to create a body incapable of taking lands by devise in that State, and yet with power to do so in a foreign jurisdiction." There is no legal obligation on any State to permit a foreign corporation to transact business within its limits, and when permission is granted so to do, whether by tacit consent of the State or by virtue of an express statute, the basis of the permission is interstate comity (1 Joyce on Ins. 328), and for a State to permit a foreign insurance company to declare a forfeiture of a policy of insurance in a manner prohibited by the law of the State of its creation, and to the prejudice of a citizen of this State, is certainly not required by any consideration of interstate comity, especially as neither courts of law nor courts of equity regard forfeitures with favor, but, on the contrary, view them as odious. Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164.

In the present case, interstate comity can not be violated, but is rather adhered to, by enforcing the New York statute. The case of Starkweather v. American Bible society, *supra*, is cited with approval in Hough v. Cook County Land Co., 73 Ill. 27; Penn v. Bornman et al., 102 Ill. 532; Female Academy v. Sullivan et al., 116 Ill. 385; Barnes v. Suddard, 117 Ill. 243. In Female Academy v. Sullivan, *supra*, the court say: "In the Starkweather case it was held that a corporation of New York which was prohibited by the law of that State from taking land by devise, was, therefore, incapable of taking lands by devise in Illinois. This was the main and true ground of the decision."

We can perceive no difference in principle between the Starkweather case and the present, in so far as appellant's power to declare a forfeiture is concerned. In Griffith v. New York Life Ins. Co., 101 Cal. 627, the court, commenting on a similar statute of New York, say: "The statute is a limitation on the power of the company to do a specified

thing, except under prescribed conditions. That which a corporation has not the power to do, if attempted to be done by it, is void." In that case the language of the statute was, "No life insurance company doing business in this State shall have power to declare forfeited," etc., except as therein provided; but the use of the words "No life insurance company," etc., "shall have power," can not suffice to distinguish that case from the present, because what a corporation is by law prohibited from doing, it is powerless to do.

In Fidelity Mut. Life Ass'n v. Ficklin, 74 Md. 172, which was a suit by Ficklin and others against the Fidelity Mutual Life Association, a Pennsylvania corporation, on a policy of insurance issued by the latter, the court say: "It is beyond question that the powers and capacities of a Pennsylvania corporation are conferred and regulated by the law of that State. Without its authority it could not exist at all; every contract it makes, every act it performs, every right it acquires, and every obligation it assumes, must be by virtue of the same authority. It may make contracts, transact business, sue and be sued beyond the limits of the State of its origin. But all these transactions are by the permission of the State where they occur, and not by virtue of any right belonging to the corporation. Everywhere, within and without the State which created it, its contracts are limited, construed and sustained according to its charter and the laws which affect its operation."

Our opinion being that the appellant is, by reason of the New York statute, powerless to declare a policy of insurance forfeited, otherwise than as therein prescribed, and that irrespective of the question whether the policy is a New York or an Illinois contract, a decision of the latter question is unnecessary. However, inasmuch as the application was forwarded to New York and there accepted, and the policy was there issued and returned to Chicago for delivery, and the premiums and the amount insured were, by the policy, expressly made payable in New York, authorities are not wanting in support of the proposition that New York is to

be regarded as the place of the contract. Phinney v. Mutual Life Ins. Co., 67 Fed. Rep. 493.

In Abt et al. v. American Trust & Sav. Bank, 159 Ill. 467, the court say: "The drafts, though drawn in this State, were drawn on the New York bank, and were payable there. The contract was to be performed in New York, and it must be presumed that, upon a question of this character, the parties contracted with reference to the laws of the State where the contract was to be performed, rather than with reference to the State where the contract was made;" citing a number of cases, several of which do not relate to drafts or other negotiable instruments, among which are Lewis v. Headley, 36 Ill. 433, and Davenport v. Karnes, 70 Ill. 465. Indeed, it would seem difficult to give any sound reason for a distinction between negotiable and non-negotiable contracts as to the applicability of the rule. See also Hyde v. Goodnow, 3 N. Y. 266; Ruse v. Mutual Benefit Life Ins. Co., 23 N. Y. 516.

In the case at bar there is evidence tending to show that the parties contracted with reference to the law of New York. The application is on a printed blank furnished by the insurance company, and contains this question and answer: "Shall notice of premiums coming due be addressed to last named person at place of business as stated ?" Ans. "Yes." It will hardly be contended that appellant used one form of application for persons applying for insurance in New York, and another for citizens of other States, applying through appellant's local agents in such States. The form was evidently used with reference to the New York statute. Again, appellant, in the trial court, pleaded the statute and averred compliance with it.

The clause of the application, by virtue of which appellant claims the policy has been forfeited, is the second of the clauses next under a heading entitled "Privileges," the word privileges being in large capitals. Immediately over the clause is "Non-forfeiture," also in capitals. Under the word "Non-forfeiture" is the following in small type: "If premiums upon the policy for not less than three complete

years of assurance shall have been duly received by the society, and default shall be made in payment of a subsequent premium, the policy may be surrendered for a non-participating paid up policy;" next after the word "policy," and in still smaller type, is the following: "For the entire amount which the full reserve on the policy, according to the present legal standard of the State of New York, will then purchase, a single premium, calculated by the regular table for single premium policies now published by the society, providing that the policy is returned to the society, receipted, within six months after the date upon which the last premium in default has fallen due, otherwise the policy shall cease and determine, and all premiums thereon shall forfeit to the society." It is on this clause, printed in decreasingly small type, under a heading "Non-forfeitable," in large capitals, that appellant claims the policy became forfeited. This clause, with others under the heading, "Privileges," is on the reverse side of a sheet containing questions and answers, and at the bottom of which are the signatures of Alfred Frommhold and appellee, and an ordinary or casual observer would consider the side of the sheet containing the questions and answers, and which is signed by appellee and her husband, not only the front of the sheet, but the whole document; and this evidently occurred to appellant's officers, because at the upper right hand corner of the other side of the sheet, containing the clause quoted, is printed the word "Front," thus imitating the boy who, doubtful whether his uncouth drawing would be recognized, wrote over it, "This is a horse."

An actual inspection of the document is necessary to an intelligent appreciation of it. Whether it might operate, even though not so intended, as a trap for the unwary, is a question not at present necessary to be decided.

Appellant, in support of its plea of compliance with the New York statute, offered in evidence the affidavit of Anthony J. McFadden, an agent of appellant and superintendent of its notice department, to the effect that a notice was mailed to appellee, as prescribed by the New York statute,

which the court, on objection by appellee, excluded, and this ruling is assigned as error.   Appellant's counsel claims that if the statute is to control, every part of it must control. This contention is untenable.   The last part of section 92 of the statute, quoted *supra*, merely prescribes a rule of evidence, and can have no force outside of the State of New York.   The law of the forum governs as to pleadings and evidence.   Bond v. Bragg, 17 Ill. 69; McAllister v. Smith, 17 Ill. 328; Scudder v. Union Nat'l Bank, 91 U. S. 406; Story on Conflict of Laws, 5th Ed., 634a.

The affidavit is not competent evidence under our law, and was, therefore, properly excluded.   The affidavit having been excluded, appellant produced evidence tending to prove that October 31, 1894, a notice that the premium of $131.50 on the policy in question, would fall due November 4, 1894, addressed to Alfred Frommhold, 129 and 131 Franklin street, Chicago, Illinois, and conforming, in other respects, to the New York statute, was properly stamped and mailed in New York City.   To rebut this evidence, appellee called Alexander Frommhold as a witness, who testified that he was a brother of Alfred Frommhold; that in the latter part of November, and in December, 1892, he was employed by Alfred at 71 Wells street, in the city of Chicago; that prior to that time Alfred's office had been at 129 Franklin street, Chicago; that in the latter part of November, or in December, 1892, witness put in the mail box in Chicago a stamped envelope, addressed to the " Equitable Life Insurance Company;" that in the envelope so mailed was a postal card on which was " A. Frommhold, formerly of Frommhold & Voightman, 71 Wells street, Chicago."   On cross-examination the witness testified that all that was on the envelope was " The Equitable Life Insurance Company, Chicago." The evidence of this witness was admitted over appellant's objections, and exceptions to the ruling have been properly preserved.   It was clearly incompetent.   The envelope was not addressed to appellant, but to the Equitable Life Insurance Company, appellant's name being the " Equitable Life Assurance Society of the United States."   In 2 Wharton on

Evidence, 5th Ed., Sec. 1323, the rule is thus stated: "The mailing a letter, properly addressed and stamped, to a person known to be doing business in a place where there is established a regular delivery of letters, is *prima facie* proof of the reception of the letter by the person to whom it was addressed," etc.    See also Austin v. Holland, 69 N. Y. 571; Phelan v. Northwestern Mut. L. Ins. Co., 113 N. Y. 147; Briggs v. Hervey, 130 Mass. 186; Henderson v. Carbondale C. & C. Co., 140 U. S. 25, 37.

The presumption is one not of law, but of fact, and may be rebutted.    The mailing a letter properly stamped and addressed, is a circumstance from which the jury, in the absence of evidence to the contrary, may infer that the person to whom it was addressed received it, but, manifestly, if the letter was improperly addressed, there can be no such inference.    Phelan v. Northwestern Mut. L. Ins. Co., *supra.*

The court refused to give the following instruction asked by defendant:

"The jury are instructed that the placing in the mail of an envelope properly stamped, is not even presumptive evidence of the receipt of the same, unless the same was properly addressed, and even if the jury believe from the evidence that a notice was placed in an envelope properly stamped and placed in the mail, yet, unless the jury further believe from the evidence that the envelope was properly addressed to the person for whom it was intended, it is not even constructive notice, and may be wholly disregarded."

This instruction should have been given, and the refusal to give it was error.    The evidence of the mailing of the postal card had been improperly allowed to go to the jury, and this being so, the jury were warranted in believing that it was competent evidence from which they might find that appellant was notified that Frommhold, the assured, had changed his place of business.    The appellant was entitled to a peremptory instruction that the jury should wholly disregard the evidence as to mailing the postal card.

The judgment will be reversed and the cause remanded.