No. 91-352

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

FARM CREDIT BANK OF SPOKANE,
a corporation, successor by merger
to the Federal Land Bank of Spokane,

Plaintiff and Respondent,

v.

G. CHARLES NEWTON; GAIL NEWTON; SUSAN LEE
DAHLGREN NEWTON; G. CHARLES NEWTON II;
HALLIE M. GIFFORD; and JEAN MRAZ NEWTON,

Defendants,

and

GAIL NEWTON,

Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               M. Dean Jellison, Attorney at Law,
               Kalispell, Montana

        For Respondent:

               William R. Baldassin, Attorney at Law,
               Missoula, Montana

Submitted on Briefs:   December 12, 1991

Decided:   March 31, 1992

FILED

Filed:

MAR 3 1 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The Eleventh Judicial District Court issued a judgment and decree of foreclosure that authorized Farm Credit Bank to foreclose upon a parcel of property in Flathead County. Farm Credit Bank purchased the property at the foreclosure sale. However, Gail Newton initially refused to surrender possession. The District Court awarded Farm Credit Bank its attorney fees, including fees for services performed to recover possession after Farm Credit Bank bought the property at the foreclosure sale. The court denied Newton's motion for satisfaction of the judgment and subsequently awarded Farm Credit Bank its attorney fees, costs, and interest as a lien on the property. The court then denied Newton's motion for a new trial or amendment of judgment. She appeals. We affirm.

The issues are:

1.    Did the District Court err when it awarded attorney fees to Farm Credit Bank for work performed after it purchased the mortgaged property at the foreclosure sale?

2.    Did the District Court err when it awarded attorney fees to Farm Credit Bank for work performed in connection with a post-foreclosure dispute regarding possession and attorney fees when possession was resolved by stipulation?

**3.**    Did the District Court err when it held that attorney fees awarded in connection with post-foreclosure proceedings constituted a part of the original judgment lien?

**4.**    Did the District Court err when it awarded attorney fees without first conducting an evidentiary hearing?

5. Is Farm Credit Bank entitled to recover its attorney fees incurred in this appeal?

On August **28,** 1989, Farm Credit Bank of Spokane filed a mortgage foreclosure complaint against several defendants, including appellant Newton, in the Eleventh Judicial District Court in Flathead County. Newton was the mortgagor and fee simple owner of the subject property. The mortgage provided that:

> In case of any suit to foreclose this mortgage or to collect any charge growing out of the debt hereby secured, or any suit which the mortgagee may deem it necessary to prosecute or defend to effect or protect the lien hereof, the mortgagors agree to pay a reasonable sum as attorney's fees and all costs and legal expenses in connection with said suit, and further agree to pay the reasonable costs of searching records and abstracting or insuring the title, and such sums shall be secured hereby and included in the decree of foreclosure. [Emphasis added.]

The mortgage also granted Farm Credit Bank the right to immediate possession in the event of foreclosure.

Farm Credit Bank took default judgments against all of the defendants, including Newton. On May 16, 1990, the court awarded Farm Credit Bank judgment in the amount of **$126,332.64** and issued a decree of foreclosure. The court's order specifically provided that the purchaser at the foreclosure sale would be entitled to immediate possession and that a writ of assistance would issue if the debtor did not surrender possession. Farm Credit Bank had specifically requested this relief in the complaint which it served on Newton. The order also provided that Farm Credit Bank would be entitled to a deficiency judgment if the successful bid at the

3

foreclosure sale was less than the amount of the judgment plus attorney fees and costs expended in enforcing the judgment.

On June **27, 1990,** Farm Credit Bank purchased the property at the foreclosure sale for **$128,948.00,** which represented the amount of the May 16 judgment, plus allowances for interest, costs, and attorney fees incurred to that date. Newton, whose son took possession shortly before the foreclosure sale, refused to vacate. Farm Credit Bank then moved for a writ of assistance, together with attorney fees and costs incurred to obtain the writ. Newton did not reside on the property at that point and her son was not a party to the mortgage. The parties resolved the possession portion of the dispute by stipulation, but the stipulation did not address attorney fees and costs. Subsequently, Newton redeemed the property and sold it to a third party.

Farm Credit Bank then sought additional interest, attorney fees, and costs incurred in attempting to recover possession. The District Court awarded the relief asked for, concluded that a deficiency judgment therefore existed, and held that the deficiency judgment constituted a lien against the subject property. Newton appeals from this order of the District Court.

**I**

Did the District Court err when it awarded attorney fees to Farm Credit Bank for work performed after it purchased the mortgaged property at the foreclosure sale?

4

Newton argues that judgment creditors cannot recover attorney fees for work performed after foreclosure. She cites § 71-1-234, MCA, which provides:

> If the mortgagee shall demand attorneys' fees in case of the sale of real estate under and by virtue of the power of sale contained in any mortgage . . . in this state . . . he shall petition the district court of the county in which said real estate or any part thereof may be situated to fix the amount of such attorney's fee, and a copy of such petition shall be served upon all parties having or claiming an interest of record in the property to be sold . . . at least 10 days before the day fixed for hearing . . . . Such petition shall be acted upon by the district court <u>before</u> the notice of sale by publication or posting, as hereinbefore provided for, shall be given. [Emphasis added.]

Newton asserts that this statute precludes an award of attorney fees for post-foreclosure legal work because such an award would require a second determination of fees, in violation of the "one-action" rule contained in § 71-1-222, MCA.

We note that this statute does not expressly prohibit post-judgment attorney fees. Nor does it expressly provide that an award of fees earned prior to the foreclosure decree is final and conclusive.

Farm Credit Bank has been consistent in its pursuit of post-judgment attorney fees in this action. On May 10, 1990, Farm Credit Bank moved for entry of judgment. It supported this motion with an affidavit, which alleged that Farm Credit had already incurred $3,093.28 in attorney fees and would "incur additional fees and costs in enforcing the Judgment entered herein." The affidavit also alleged that "the amount of [Newton's] indebtedness should be increased by the amount of [Farm Credit Bank's] actual

5

attorneys fees and costs incurred." The judgment provided for immediate possession, a writ of assistance if necessary, and any attorney fees incurred in enforcing the judgment. The motion for entry of judgment and the supporting judgment were served upon Newton's attorney. She cannot deny being on notice that Farm Credit Bank was seeking post-judgment attorney fees. She did not respond to either document.

The court entered judgment for Farm Credit Bank in the amount of **$126,332.64.** This sum represented the original debt of **$112,016.41,** plus Farm Credit Bank's various costs totalling **$11,222.95,** and attorney fees in the amount of **$3,093.28.** Additionally, the judgment provided that:

> [Farm Credit Bank] shall have and retain a deficiency judgment against the Defendant GAIL NEWTON in the event the bid at said sale is less than the sum of Plaintiff's entire judgment, <u>plus all sums expended as attorney's fees and costs in enforcing this Judgment</u>. [Emphasis added.]

Thus, the court fixed Farm Credit Bank's attorney fees on the date of judgment at **$3,093.28,** the amount alleged in the affidavit. It then awarded Farm Credit Bank any future attorney fees it might incur in enforcing the judgment. The amount of those fees was still uncertain because it remained to be seen whether Newton would acquiesce in the enforcement of the judgment. Therefore, the court's award of attorney fees was as precise as the court could make it, given what it knew on the date of the judgment.

Section **71-1-234,** MCA, merely requires the District Court to "act upon" the mortgagee's petition for attorney fees before the

notice of sale issues. The court did so in this case by awarding Farm Credit Bank its attorney fees with as much precision as possible on the date of the foreclosure decree. The judgment and decree of foreclosure was entered on May 16, 1990, and the order of sale was issued on May 24, 1990. The court "acted upon" Farm Credit Bank's petition within the time frame contemplated by the statute.

Newton argues that by this procedure the court essentially gave Farm Credit Bank a "blank check" award of any fees its attorney might see fit to bill during post-foreclosure proceedings. We disagree. After Newton redeemed the property, Farm Credit Bank submitted a detailed affidavit that set forth its attorney fees. Newton could have challenged this affidavit but chose not to do so. Farm Credit Bank's submission of this affidavit, and its apparent readiness to defend it, refute Newton's argument that the District Court somehow gave it a "blank check."

We hold that the District Court did not err when it awarded attorney fees to Farm Credit Bank for work performed after it purchased the subject property at the foreclosure sale.

## II

Did the District Court err when it awarded attorney fees to Farm Credit Bank for work performed in connection with a post-foreclosure dispute regarding possession and attorney fees when possession was resolved by stipulation?

After Farm credit Bank purchased the property at the foreclosure sale, it moved for a writ of assistance because Newton

did not immediately vacate the property. This motion included a request for attorney fees.

The parties settled this possession dispute by a stipulation in which Farm Credit Bank allowed Newton to retain possession until September 30, 1990. Newton's attorney prepared the stipulation, which was silent on the question of attorney fees. On October 4, 1990, Newton redeemedthe property by paying $131,046.50. This sum did not include any allowance for attorney fees.

Newton now argues that because she retained possession until she could redeem the property and sell it to a third party, she was the "prevailing party," and therefore, cannot be liable for attorney fees. We believe this argument misses the point.

The judgment and decree of foreclosure awarded Farm Credit Bank the right to immediate possession. It also awarded Farm Credit Bank any attorney fees it might incur in enforcing the judgment. Farm Credit Bank had to move for a writ of assistance in order to enforce its right to possession, which was a part of the judgment. In that motion, it specifically asked for its costs and fees.

In *Nett v. Stockgrowers' Finance Corporation* (1929), 84 Mont. 116, 274 P. 497, we observed that attorney fees serve tu make the execution creditor whole. We said:

> The idea in providing for attorneys' fees and costs
> is that, if the promisor fails to make good his promise,
> the promisee may collect such a sum as will leave him the
> actual amount due him, net. Following out this idea,
> this court has held, regardless of the rules in other
> jurisdictions, that the payee is entitled to an
> attorney's fee if, after default by the maker of the

> note, it is placed in the hands of an attorney for collection, irrespective of whether action on the note is brought or not.

*Nett*, 274 P. at 500. Although *Nett* did not involve a real property mortgage, we believe its analysis of attorney fees is equally applicable to the land mortgage situation. The case stands for the proposition that the prevailing creditor is entitled to recoup the costs of collection, even if the matter never goes to court.

Newton does not deny that Farm Credit Bank actually incurred attorney fees in attempting to secure possession of the property. Furthermore, her attorney prepared the stipulation that purported to resolve the dispute. At that point it was incumbent upon him to resolve the question of attorney fees. He did not do so, and the stipulation is silent on the matter. However, the award of attorney fees is consistent with the District Court's judgment and decree of foreclosure.

We will not look beyond the terms of the judgment and the stipulation and attempt to determine who was the "prevailing party" in the possession dispute. The judgment provided for an award of future attorney fees, and in Issue I of this opinion we held that part of the judgment valid. Farm Credit Bank ultimately incurred those fees, and Newton must pay them.

We hold that the District Court did not err when it awarded attorney fees to Farm Credit Bank for work performed in connection with a post-foreclosure dispute regarding possession and attorney fees when only the possession portion of the dispute was resolved by stipulation.

## III

Did the District Court err when it held that attorney fees awarded in connection with post-foreclosure proceedings constituted a part of the original judgment lien?

This Court considered this question in *McQueeney v. Toomey* (1907), 36 Mont. 282, 92 P. 561. In that case, we drew a distinction between redemption by a third party and redemption by the judgment debtor. We held a third party who redeems takes the property free of any outstanding deficiency judgment. *McQueeney*, 92 P. at 564. However, a different rule applies when the judgment debtor redeems in his own right. We said:

> Of course, if the <u>debtor</u> redeems, the effect of section 1236 [the predecessor of present § 25-13-809, MCA] . . . is to terminate the sale and restore the estate to him, <u>whereuwon any deficiency judgment would attach as a lien</u>. [Emphasis added.]

*McQueeney*, 92 P. at 565.

In Issue I of this opinion, we concluded that Farm Credit Bank's future attorney fees formed part of the judgment and decree of foreclosure. Newton does not dispute that the amount she paid to redeem the property did not include an allowance for attorney fees. Therefore, a deficiency judgment existed. Under *McQueeney*, that deficiency judgment reattached to the property as a lien when Newton redeemed.

We hold that the District Court did not err when it held that attorney fees awarded in connection with post-foreclosure sale proceedings constituted a part of the original judgment lien.

10

## IV

Did the District Court err when it awarded attorney **fees** without first conducting an evidentiary hearing?

Newton argues that because § 71-1-234, MCA, contemplates a hearing on the reasonableness of any petition for attorney fees, the District Court erred in not holding such a hearing. However, she did not dispute the amount claimed as attorney fees by Farm Credit Bank, nor did she request a hearing. Therefore, she argues essentially that the District Court should have scheduled such an evidentiary hearing *sua sponte*. We disagree.

Farm Credit Bank submitted a detailed affidavit of attorney fees. Newton did not respond to this document and never suggested to the court that the fees claimed in it might be unreasonable. Under these circumstances, the Court had no duty to conduct a hearing with no issue to decide.

We hold that the District Court did not err when it awarded attorney fees without first conducting an evidentiary hearing.

## V

Is Farm Credit Bank entitled to recover its attorney fees incurred in this appeal?

The underlying mortgage in this case obligated Newton to pay Farm Credit Bank's attorney fees incurred in connection with any future foreclosure action. This appeal is from a foreclosure action, and Farm Credit Bank has prevailed on appeal. We conclude that Farm Credit Bank is entitled to recover its attorney fees incurred in this appeal.

11

The order of the District Court is affirmed and this case is remanded for a determination of attorney fees incurred in this appeal.

_____
Justice

We concur:

_____
'Chief Justice

_____

_____

_____
Justices

March 31. 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

M. Dean Jellison
Attorney at Law
120 1st Ave. West
Kalispell, MT 59901

William R. Baldassin
Attorney at Law
500 North Higgins, Suite 200
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy